LILES, Acting Chief Judge.
Appellant, a general contractor, filed a claim of lien under Chapter 713, Fla.Stat. F.S.A. The appellee-property owner countered with a notice of contest. Subsequently, the contractor filed an amended claim of lien. The contractor then filed suit to foreclose this amended claim of lien, said suit being later dismissed when appellant elected to file a notice of voluntary dismissal. The appellant contractor then instituted a new suit to foreclose the amended claim of lien. The trial court dismissed this complaint because it was filed more than sixty days after the notice of contest. Appellant brings this appeal.
The question then presented for our consideration is: Does the filing of an amended claim of lien toll the running of the sixty days provided for in Fla.Stat. § 713.-22(2), F.S.A.?
This appears to be a novel question in Florida; and while appellant has cited to this court a Missouri case and a Louisiana case, an examination of the statutes in those states shows they differ from our statute. Fla.Stat. § 713.22(2), F.S.A., provides the process by which a property owner may accelerate the time for bringing to issue the controversy which brought about the claim of lien. It provides:
“[T]hat the time within which you may file suit to enforce your lien is limited to 60 days from the date of service of this notice . . . The lien of any lienor upon whom such notice is served and who fails to institute a suit to enforce his lien within sixty days after service of such notice shall be extinguished automatically.”
This particular section of the Mechanics Lien Law was designed to offer some protection to the property owner. This is reasonable since if there is no contest the lien can remain as a cloud on the owner’s property for a period of one year and the property owner has no way of accelerating the conclusion of this litigation except as provided above. Although Section 713.08(4) (b) provides for the amendment of a claim of lien, we believe that such an amendment and foreclosure suit must be brought within the sixty-day period following the notice of contest.
Therefore, since the appellant voluntarily dismissed his suit to foreclose the lien and did not file the second suit within the sixty days provided for in Section 713.22(2), the court was correct in dismissing his suit with prejudice.
Affirmed.
HOBSON, J., concurs.
McNULTY, J., dissents with opinion.