305 So.2d 13 (1974)
Gary ALEX and Alfred Stone, General Partners, Doing Business As Weber #5 Associates, Ltd., Appellants,
v.
RANDY, INC., a Corporation, Fleming and Sons, Inc., Etc., et al., Appellees.
No. V-345.
District Court of Appeal of Florida, First District.
December 19, 1974.
*14 Harry Katz, Jr., of Katz & Katz, Jacksonville, for appellants.
Nathan Weil, III, Etho W. Skipper and Floyd G. Yeager, Jacksonville, for appellees.
McCORD, Judge.
This is an interlocutory appeal from an order holding appellants' demand made upon lienors (appellees) under Subsection (2) of Section 713.16, Florida Statutes (the mechanics' lien law) insufficient to deprive appellees of their liens.
Appellants (plaintiffs below who are owners of the property) filed a complaint against appellees under Subsection (4) of Section 713.21, Florida Statutes, to require appellees to show cause why their liens should not be enforced by action or vacated and cancelled of record. Appellants contend that the liens of appellee should be cancelled because appellees failed to respond within ten days to demands served severally upon them under Subsection (2) of Section 713.16, Florida Statutes. Said subsection provides as follows:
"(2) The owner, at the time any payment is to be made by him to the contractor or directly to a lienor, may in writing demand of any lienor a written statement under oath of his account showing the nature of the labor or services performed and to be performed, the materials furnished and to be furnished, the amount paid on account to date, the amount due, and the amount to become due. Failure or refusal to furnish such statement within ten days after such written demand or the furnishing of a false or fraudulent statement shall deprive the person so failing or refusing to furnish such statement of his lien."
As stated by the trial judge in his order appealed from:
"The demand served upon the various lienors was substantially identical in each case, except for the amount of the liens referred to therein."
The demands were as follows:
"We represent Weber # 5 Associates, LTD against whose property you filed a lien dated November 6, 1973, in the amount of $2,340.63 the same being recorded in Official Records Volume 3612, page 720, public records of Duval County, Florida.
As you are aware, Weber # 5 Associates, Ltd. is the owner of the property upon which this lien was filed and as such has instructed the undersigned to request a written statement, under oath, showing the nature of the labor or services to be performed, the materials furnished and to be furnished, the amount paid on the account to date, the amount due, and the amount to become due.
Please furnish your reply directly to the undersigned."
We agree that the notices given by appellants are an insufficient predicate for cancellation of the liens. Lienors under the mechanics' lien law are usually not lawyers and are often persons who are not learned *15 in the technical aspects of the law. Appellants' demand contained nothing to put a lienor on notice that he must respond pursuant to the statute within ten days or suffer the loss of his lien. Without such warning, the notice, if effective to extinguish the lien, would be a "sleeper" for all but the most wary and perceptive of laborers and materialmen. It is implicit in the statute that the demand apprise the lienor that under the statute he has ten days within which to comply or be deprived of his lien.
Affirmed.
RAWLS, C.J., concurs.
BOYER, J., dissents.
BOYER, Judge (dissents).
I respectfully dissent. In my view lienors as well as owners are bound by the provisions of the mechanic's lien law. I would hold that the owners demand in writing requesting a written statement, under oath, showing the nature of the labor or services performed, the materials furnished and to be furnished, the amount paid on the account to date, the amount due and the amount to become due, as quoted in the majority opinion was sufficient compliance with the statutory provision, also quoted in the majority opinion. Indeed, the wording of the written demand is virtually identical to the wording of the statute. There is no requirement in the statute that the demand recite that the lienor be notified of a specific period within which he shall respond nor am I acquainted with any law that requires that any notice or written statement made or given pursuant to a specific statute recite the statutory authority relied upon. I agree with the writer of the majority opinion that most lienors are not lawyers and are often persons who are not learned in the technical aspects of the law; but neither are most owners. As a matter of fact lienors under the mechanic's lien law are generally more acquainted with that law than are owners, many of whom have never before had any contact with the law.
I would reverse.