482 So.2d 509 (1986)
PALMER ELECTRIC SERVICES, INC., Appellant,
v.
Charlie FILLER and Joan C. Filler, His Wife, and Ken Wason, Appellees.
No. 85-837.
District Court of Appeal of Florida, Second District.
January 22, 1986.
*510 James W. Kelly, Avon Park, for appellant.
J. Timothy Sheehan, Lake Placid, for appellees.
CAMPBELL, Judge.
Appellant, Palmer Electric Services, Inc., appeals a summary judgment for appellees in regard to appellant's complaint which sought to enforce a mechanic's lien.
Appellant was a subcontractor on a residence being constructed for appellees by the general contractor. Appellant served its notice to owner on appellees on February 21, 1983. On June 17, 1983, appellees secured from the general contractor an affidavit reflecting that all subcontractors and materialmen had been paid. Based on that affidavit, appellees paid the balance owed on the contract to the general contractor. On July 18, 1983, appellant filed and recorded its claim of lien against appellees' property. On September 22, 1983, appellant's counsel wrote a letter demanding payment from appellees. On September 26, 1983, appellees' counsel, as authorized by section 713.16(2), Florida Statutes (1983), wrote a responsive letter to appellant's counsel demanding a sworn statement from appellant to reflect the nature of labor or services performed, materials furnished, amount paid and amount remaining due. That letter from appellees' counsel did not specify that it was being sent pursuant to section 713.16(2), nor did it include a warning that a failure to respond would deprive appellant of its lien. Without responding to appellees' counsel's letter of demand and without furnishing the sworn statement, appellant filed its complaint to enforce a lien on June 13, 1984. Both parties filed motions for summary judgments and supporting affidavits.
Appellant relies on Alex v. Randy, Inc., 305 So.2d 13 (Fla. 1st DCA 1974), to support its argument that its claim of lien survived its failure to respond to appellees' letter of demand pursuant to section 713.16(2). Alex v. Randy does so hold. While the facts of that case and the clear rationale underlying its holding can be distinguished, its holding cannot, and we must reject and respectfully disagree with the holding in that case as did the trial judge here below. The court in Alex v. Randy placed great emphasis on the fact that the parties there were lay persons not experienced in the technical aspects of the law. Because of that the Alex v. Randy court imposed the requirement, not included within the language of section 713.16(2), that a responsive demand letter written by an owner must contain a warning that the lienor's failure to respond will result in the loss of the claimed lien. The Alex v. Randy court specifically found and held that:
Without such warning, the notice, if effective to extinguish the lien, would be a `sleeper' for all but the most wary and perceptive of laborers and materialmen. It is implicit in the statute that the demand apprise the lienor that under the statute he has ten days within which to comply or be deprived of his lien.
The trial judge below could not reconcile the holding in Alex v. Randy with the holding of this court in Babe's Plumbing, Inc. v. Maier, 194 So.2d 666 (Fla. 2d DCA 1966), and chose to adhere to our holding in Babe's Plumbing. The bedrock in the Babe's Plumbing holding is that the mechanic's lien law is to be strictly construed in every particular and strict compliance is an indispensable prerequisite for a person seeking affirmative relief under the statute. While in this case the parties were acting through their attorneys, we cannot construe the holding in Alex v. Randy to be limited in application to claims of lien when those asserting their demands are nonlawyers. We therefore disagree with that holding.
We adhere to the principles in Babe's Plumbing and affirm the summary judgment of the trial court. Accordingly, we are in conflict with Alex v. Randy.
SCHEB, A.C.J., and DANAHY, J., concur.