489 So.2d 1211 (1986)
HARDRIVES COMPANY and St. Paul Fire and Marine Insurance Company, Appellants/Cross Appellees,
v.
TRI-COUNTY CONCRETE PRODUCTS, INC., Appellee/Cross Appellant, and
Richmond Health Care, Inc., Appellee.
No. 85-643.
District Court of Appeal of Florida, Fourth District.
June 11, 1986.
Rehearing Denied July 7, 1986.
Kenneth G. Stevens, of Dale & Stevens, Fort Lauderdale, for appellants/cross appellees.
Larry R. Leiby and Gerald L. Solomon, of Leiby and Elder, Miami, for appellee/cross appellant.
PER CURIAM.
This is an appeal and cross appeal of a final judgment granting the foreclosure of a mechanic's lien. We reverse.
The owner, Richmond Health Care, Inc., contracted with Encorp, Inc., a contractor, to build a nursing home in Sunrise. Encorp, who is not a party, subcontracted some of the work at the site to appellant/cross *1212 appellee, Hardrives Company. Appellee/cross appellant, Tri-County Concrete Products, supplied materials to a subcontractor under Hardrives. When that subcontractor became insolvent, Tri-County filed a claim of lien for the materials it had supplied.
Pursuant to section 713.06(2), Florida Statutes (1985), Tri-County mailed a notice to owner to Richmond Health Care, and sent a copy of the notice to Hardrives. Hardrives bonded off the lien as it was required to under its contract with Encorp; however, Hardrives refused to pay Tri-County's lien because Tri-County had failed to serve a copy of the notice on the contractor, Encorp, as required by the statute. Tri-County subsequently filed an action to foreclose its lien. Alternatively, Tri-County sought to establish a private cause of action for damages resulting from the owner's negligence in failing to record a notice of commencement in accordance with section 713.13(1), Florida Statutes (1985). The trial court held that Tri-County's lien was valid, but dismissed the negligence cause of action for the owner's failure to comply with section 713.13(1).
The mechanics lien law was enacted to protect the interests of subcontractors and materialmen who remain unpaid while the owner pays the contractor directly. Boux v. East Hillsborough Apartments, Inc., 218 So.2d 202 (Fla. 2d DCA 1969). At the same time, the statute protects owners from having to pay twice for the same labor or supplies. Morgan v. Goodwin, 355 So.2d 217 (Fla. 1st DCA 1978). To this end, section 713.06(2)(a) requires that a subcontractor or materialman not in privity with the owner timely serve a notice to the owner of its claim of lien. Additionally, the statute requires that a materialman to a subcontractor, such as Tri-County here, serve a copy of the notice on the contractor and the subcontractor. Section 713.06(2)(a) provides in part:
(2)(a) All lienors under this section, except laborers, as a prerequisite to perfecting a lien under this chapter and recording a claim of lien, shall be required to serve a notice on the owner.... A sub-subcontractor or a materialman to a subcontractor shall serve a copy of the notice on the contractor as a prerequisite to perfecting a lien under this chapter and recording a claim of lien. A materialman to a sub-subcontractor shall serve a copy of the notice to owner on the contractor and subcontractor of the sub-subcontractor as a prerequisite to perfecting a lien under this chapter and recording a claim of lien.

(Emphasis supplied.) Although Tri-County served the notice to owner on Richmond Health Care and mailed a copy of the notice to Hardrives within the statutory timeframe, it failed to mail a copy of the notice to Encorp, the contractor. We conclude that failure to serve a copy of the notice to owner on the contractor, as required under section 713.06(2)(a), bars a potential lienor's claim because of the statutory provision that such service is a "prerequisite to perfecting a lien." Additionally, section 713.01(19), Florida Statutes (1985), defines a "lienor giving notice" as "any lienor, except a contractor, who has duly and timely served a notice to the owner and, if required, to the contractor and subcontractor as provided, in s. 713.06(2)." (Emphasis supplied.) Mechanics liens are purely statutory and the provisions of the statute must be strictly construed Sheffield-Briggs Steel Products, Inc. v. Ace Concrete Service Co., 63 So.2d 924 (Fla. 1953); Falovitch v. Gunn & Gunn Construction Company, 348 So.2d 560 (Fla. 3d DCA 1977).
Accordingly we reverse that portion of the final judgment which holds that Tri-County has a valid lien. We reject Tri-County's claim on cross appeal that the trial court erred in dismissing its negligence action.
REVERSED IN PART, AFFIRMED IN PART.
WALDEN, J., and COWART, EDWARD D., Associate Judge, concur.
ANSTEAD, J., dissents with opinion.
ANSTEAD, J., dissenting.
I would affirm because of the existence of evidence in the record that the owner, *1213 immediately upon receiving notice of Tri-County's claim of lien, notified the contractor of the claim. In addition, the appellant here was actually served with a copy of the notice and in my view lacks standing to complain about the failure of Tri-County to also send a copy to the contractor. The record also reflects that the owner itself never filed a notice of commencement, the underlying act that contractors and suppliers rely on as a benchmark to all mechanics lien activities. Finally, I would invoke the harmless error section of the mechanics lien statute, section 713.08(4)(a), to relieve Tri-County's mistake. The purpose of the statute, to alert Hardrives not to make payment to the subcontractor purchasing materials from Tri-County without being certain that Tri-County was paid, was fully served here by service of a copy of the notice on Hardrives. Cf. Boux v. East Hillsborough Apartments, Inc., 218 So.2d 202 (Fla. 2d DCA 1969).