521 So.2d 285 (1988)
DESIGN ALUMINUM, INC., Appellant,
v.
Anthony DeSANTI and Lucy A. DeSanti, His Wife, Clearwater Concrete Industries, Inc. and Ager Homes, Inc., Appellees.
No. 87-1407.
District Court of Appeal of Florida, Second District.
March 4, 1988.
*286 George A. Routh, Clearwater, for appellant.
Gregory D. Jones of Mitchell, Alley, Rywant & Vessle, P.A., Tampa, for appellees DeSanti.
RYDER, Acting Chief Judge.
Design Aluminum, Inc. appeals the trial court's order finding in favor of Anthony DeSanti and Lucy A. DeSanti [DeSantis] in Design Aluminum's action to foreclose on a mechanic's lien. The chronology of this case is important, and is taken mainly from the exhibits contained in the record.
Ager Homes, Inc. was a contractor building homes in a subdivision in Safety Harbor, Florida. On July 7, 1985, the DeSantis entered into a contract with Ager Homes to purchase one of the homes being built. The contract included an additional feature of a "15 X 30 free form pool screened in."
Ager Homes contracted with National Screen & Aluminum, Inc. to furnish all materials and labor to construct the screen pool enclosure on October 17, 1985. The terms were "total due on completion." National Screen completed the work and billed Ager Homes for $4,791.00 on October 30, 1985. This invoice included an extra amount for "gable roof" and an extra amount for "27' x 10' Alu. roof."
Also, on October 30, 1985, Ager Homes and the DeSantis closed the sale. Ager Homes provided the DeSantis with a Contractor's Affidavit stating there were no unpaid invoices. Ager Homes' invoice to the DeSantis at closing contained additional charges for extras and upgrading, including charges for "Alumimun [sic] Roof over 10 X 13 area" and "Gable Roof  Bird cage."
National Screen sent to the DeSantis a "Notice to Owner" on November 5, 1985, by certified mail. National Screen then filed a claim of lien against the property on November 12, 1985. Subsequent to that time, National Screen assigned its interest in this matter to Design Aluminum.
Design Aluminum brought this action to foreclose on the mechanic's lien, naming as defendants the DeSantis, Ager Homes and Clearwater Concrete Industries, Inc. (We find no information in the record concerning Clearwater Concrete Industries, Inc. except that it filed an answer to the complaint admitting all of the allegations.)
After a bench trial, the court below entered the following order:
ORDER
THIS MATTER came on to be heard for Final Hearing on April 28, 1987.
The complaint is brought under Florida Statute 317.06 to foreclose a mechanic's lien.
Plaintiff's only witness, Mr. Charles Taylor, was unable to testify concerning whether a Notice of Commencement was or was not served. I find that the failure of that proof prevents the Plaintiff from recovering in this action. It is therefore,
ORDERED AND ADJUDGED that Plaintiff, DESIGN ALUMINUM, INC., shall take nothing from this action against Defendants, ANTHONY DeSANTI and LUCY A. DeSANTI, his wife, only.
DONE AND ORDERED in Chambers, at Clearwater, Pinellas County, Florida this 28th day of April, 1987.
Design Aluminum filed a "petition" for rehearing, attaching copies of sections 713.13 and 713.135, Florida Statutes (1985). The "petition" was summarily denied by the trial court. Design Aluminum appeals that order, arguing that it had proven a prima facie case in support of foreclosure and that the trial court erred in ruling that Design Aluminum had the burden to prove a notice of commencement was filed. The DeSantis argue in their answer brief that the trial court's order was correct because they had only an equitable interest in the property when the work commenced and *287 that the trial court correctly placed the burden of filing a notice of commencement on appellant since it was an agent of Ager Homes.
There is absolutely no evidence in the record proving that appellant was, at any time, an agent for Ager Homes as that issue relates to this action. Therefore, we reject appellees' argument. We reverse the trial court and hold that Design Aluminum's action against the DeSantis is in no way contingent upon proof by Design Aluminum that a notice of commencement had been filed.
The fourth district has provided us with a concise statement of the purposes served by the Notice of Commencement:
Though the Notice of Commencement was originally required to trigger a commencement date from which to measure time limitations under the Mechanic's Lien Law, the information contained in the Notice of Commencement provides all the details necessary to complete a Notice to Owner. Indeed, Section 713.13(1)(a), Florida Statutes, requires with Notice of Commencement information including the name and address of the owner and contractor. Thus, the legislature contemplated that the Notice of Commencement would provide the lienor with the current names and addresses of the owner and contractor, so that the lienor could properly mail the Notice to Owner. If no Notice of Commencement was ever posted or recorded by the owner as mandated by the statute, a lienor may have difficulty in obtaining the names and addresses of the owners and contractors.
Symons Corp. v. Tartan-Lavers Delray Beach, Inc., 456 So.2d 1254, 1259 (Fla. 4th DCA 1984) [footnote omitted]. Thus, filing the notice protects the owner by documenting the date on which the statute of limitations begins to run. The notice also provides the lienor current addresses to which a Notice to Owner would be sent.
The statutes and case law also indicate that a properly filed Notice of Commencement protects an owner from double payment: "any amount [paid prior to the notice] shall be improperly paid." § 713.06(3)(a), Fla. Stat. (1985). Adams v. McDonald, 356 So.2d 864, 866 (Fla. 1st DCA 1978).
No case law has been cited by appellee  nor found by this court  which stands for the proposition that it is the lienor's duty to insure that a Notice of Commencement is properly filed. In fact, that proposition, which the trial court adopted in this case, militates against the plain language in, and obvious purpose of, the statutory section requiring the Notice of Commencement, section 713.13, Florida Statutes (1985).
If the burden is on the lienor to file the Notice of Commencement, then it would make no sense to allow the lienor to rely on the addresses contained therein in filing his Notice to Owner, as the court held in Symons Corp. v. Tartan-Lavers Delray Beach, Inc. at 1259-60. The court in that case put the risk of any errors in the Notice of Commencement squarely on the shoulders of the owners.
Because we reverse the trial court on the Notice of Commencement issue, we do not rule on appellant's assertion that it made a prima facie case of foreclosure. We leave that question  and the equitable interest argument raised by appellees  in the able hands of the trial court.
We reverse the trial court's order which found in favor of the DeSantis and remand for further proceedings consistent with this opinion.
Reversed and remanded for further proceedings.
CAMPBELL and SCHOONOVER, JJ., concur.