528 So.2d 1331 (1988)
Joseph M. FOY, III, Appellant,
v.
Wayne P. MANGUM, Jr., et ux., Appellees.
No. 88-122.
District Court of Appeal of Florida, Fifth District.
August 4, 1988.
*1332 John D. Mussoline, Palatka, for appellant.
Edward E. Hedstrom, Palatka, for appellees.
SHARP, Chief Judge.
Foy appeals from a final judgment entered in favor of Wayne and Debra Mangum in a suit to foreclose his mechanic's lien against their new residence. After a non-jury trial, the court originally ruled in favor of Foy and established his right to foreclose a lien for $10,778.98. On motion for rehearing, the court ruled for the Mangums on the ground that section 713.22(1),[1] Florida Statutes (1983), bars Foy's claim under the mechanic's lien statute because he filed his foreclosure suit more than one year after filing his original claim of lien, although his suit was filed within one year after filing an amended claim, pursuant to section 713.07(4). We affirm.
The facts in this case are not in dispute. Foy entered into a contract with Robert E. Pope, the Mangum's general contractor, to provide all labor necessary for the framing work needed on the Mangums' new residence. On October 17, 1983, Pope abandoned the project. Foy continued to work an additional eleven days, and on November 4, 1983, he filed a claim of lien for $4,640.00.
On November 23, 1983, the Mangums filed an affidavit of intent to recommence construction on the residence. The affidavit showed Foy as an unpaid lienor, who was owed $4,640.00. Pursuant to the requirements of section 713.07(4), Foy recorded an amended claim of lien, within thirty days of the Mangums' filing. Section 713.07(4) provides:
If construction ceases before completion and the owner desires to recommence construction, he may pay all lienors in full or pro rata in accordance with s. 713.06(4) prior to recommencement in which event all liens for the recommenced construction shall take priority from such recommencement; or the owner may record an affidavit in the clerk's office stating his intention to recommence construction and that all lienors giving notice have been paid in full except those listed therein as not having been so paid in which event 30 days after such recording, the rights of any person acquiring any interest, lien or encumbrance on said property or of any lienor on the recommenced construction shall be paramount to any lien on the prior *1333 construction unless such prior lienor records a claim of lien within said 30-day period. A copy of said affidavit shall be served on each lienor named therein. Before recommencing, the owner shall record and post a notice of commencement for the recommenced construction, as provided in s. 713.13.
Foy's amended claim of lien was filed on December 19, 1983. In this document, Foy claimed he was owed $6,590.00; and he claimed he worked in privity with both the general contractor and the Mangums. He filed this lawsuit on December 10, 1984.
The issue in this case, (which has apparently not been addressed by any reported court opinion that we can find) is whether section 713.07(4) has the effect of extending the one year time limit in which to file suit to foreclose a mechanic's lien in section 713.22(1). Section 713.07(4) requires a claimant to re-file a lien claim after the owner files a notice of recommencement of construction. Failure to do so results in loss of priority as to lien claimants filing after the thirty-day period. Conversely, a timely re-filing makes the earlier lienors superior to those who file after recommencement of reconstruction. But the statute is silent as to whether the re-filed lienor has a full year after the re-filing in which to commence a lien foreclosure suit.
In an analogous case, Jack Stilson & Co. v. Caloosa Bayview Corp., 265 So.2d 85 (Fla. 2d DCA 1972), approved, 278 So.2d 282 (Fla. 1973), the issue was whether the filing of an amended claim of lien tolls the running of the sixty day abbreviated period in which to enforce a mechanic's lien provided for in section 713.22(2).[2] The Stilson court held that the re-filing had no such effect. Section 713.22(2) was intended to protect the owner. The statutory requirements for enforcing mechanic's liens against property must be strictly construed. Hardrives Co. v. Tri-county Concrete Products, 489 So.2d 1211, 1212 (Fla. 4th DCA 1986); Palmer Electric Services, Inc. v. Filler, 482 So.2d 509, 510 (Fla. 2d DCA 1986). Strict compliance is an indispensible prerequisite for one seeking affirmative relief. Palmer at 510.
As the Florida Supreme Court pointed out in Stilson, a lienor has only one basic claim which he can pursue under the mechanic's lien law. He may correct it or amend it, but such re-filing does not toll the statutorily imposed times by which he must file suit. If the rule were otherwise "[T]he claimant could file over and over ad infinitum by the single expedient of filing an amended claim and thereby defeat the purpose of the statute for a speedy conclusion." Id. at 284.
In this case, Foy had to re-file his lien claim pursuant to section 713.07(4) in order to establish his super-priority over later lien claimants. But the re-filing was not for new or different work done. Nor would his failure to re-file the claim have affected his right to foreclose the original claim, at least against the owner.
Were the re-filing allowed to extend the one year time period of section 713.22(1), a property owner could be faced with as much as a two-year delay (rather than one) *1334 to await suits by mechanic's lien claimants. Further, if one time period is tolled as in this context, other filings and time periods under the mechanic's lien law may be similarly affected, leading to confusion in an area of the law which can least tolerate uncertainty. We hold that re-filing pursuant to section 713.07(4) does not extend the one year time limit of section 713.22(1) in which to sue to enforce a mechanic's lien claim.
AFFIRMED.
DAUKSCH and DANIEL, JJ., concur.
NOTES
[1] Section 713.22(1), Florida Statutes (1983) provides:

713.22 Duration of lien. 
(1) No lien provided by part I shall continue for a longer period than 1 year after the claim of lien has been recorded, unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction. The continuation of the lien effected by the commencement of the action shall not be good against creditors or subsequent purchasers for a valuable consideration and without notice, unless a notice of lis pendens is recorded.
[2] Section 713.22(2), Florida Statutes, provides:

(2) An owner or his agent or attorney may elect to shorten the time prescribed in subsection (1) within which to commence an action to enforce any claim of lien or claim against a bond or other security under s. 713.23 or s. 713.24 by recording in the clerk's office a notice in substantially the following form:
NOTICE OF CONTEST OF LIEN
To: (Name and address of lienor) You are notified that the undersigned contests the claim of lien filed by you on ____ 19__, and recorded in ____ Book ____, Page ____, of the public records of ____ County, Florida, and that the time within which you may file suit to enforce your lien is limited to 60 days from the date of service of this notice. This ____ day of ____, 19__.
 Signed: (Owner or Attorney)
The lien of any lienor upon whom such notice is served and who fails to institute a suit to enforce his lien within 60 days after service of such notice shall be extinguished automatically. The clerk shall mail a copy of the notice of contest to the lien claimant at the address shown in the claim of lien or most recent amendment thereto and shall certify to such service on the face of such notice and record the notice. Service shall be deemed complete upon mailing.