537 So.2d 590 (1988)
Roy B. GONAS and Cami E. Gonas, Appellants,
v.
HOME ELECTRIC OF DADE COUNTY, INC., Appellee.
Nos. 88-306, 88-794.
District Court of Appeal of Florida, Third District.
October 4, 1988.
Rehearing Denied November 2, 1989.
Roy B. Gonas, Coral Gables, for appellants.
Harold A. Turtletaub, Miami, for appellee.
Before BASKIN, FERGUSON and JORGENSON, JJ.
*591 PER CURIAM.
Homeowners Roy and Cami Gonas appeal from a judgment of foreclosure on a mechanic's lien and an award of attorney's fees and costs.
Home Electric of Dade County, Inc., filed a claim of lien against Mr. and Mrs. Gonas for electrical subcontracting work performed in remodeling the Gonas's home. Roy Gonas thereafter sent to Home Electric by certified mail a demand for a written accounting. The demand did not specify that under section 713.16(2), Florida Statutes (1986), Home Electric had to respond within thirty days or lose the lien. Home Electric did not reply to the demand. In an affidavit filed in opposition to the owners' motion for summary judgment, Home Electric's president stated that the demand for accounting did not warn him that he would lose the lien if he did not respond; that he was not acquainted with the mechanic's lien law; and that he had no legal training. The trial court denied the owners' motion for summary judgment and, following trial, entered a final judgment of foreclosure from the lien.
The issue on appeal is the construction of section 713.16(2) which provides:
At the time any payment is to be made by the owner to the contractor or directly to a lienor, the owner may in writing demand of any lienor a written statement under oath of his account showing the nature of the labor or services performed and to be performed, the materials furnished and to be furnished, the amount paid on account to date, the amount due, and the amount to become due. Failure or refusal to furnish the statement within 30 days after the demand, or furnishing of a false or fraudulent statement, shall deprive the person so failing or refusing to furnish such statement of his lien.
Two of our sister courts have construed this statute. The First District Court of Appeal held that "it is implicit in the statute that the demand apprise the lienor that under the statute he has ten days within which to comply or be deprived of his lien." Alex v. Randy, Inc., 305 So.2d 13, 15 (Fla. 1st DCA 1974).
Liberally construing the statute, which at that time allowed ten days for the lienor's response, the court reasoned that the owner's explicit warning was necessary, even though the statute did not require it, because lienors under the mechanic's lien law are generally not aware of technical aspects of the law. Id. at 14-15.
The Second District Court of Appeal, however, strictly construed section 713.16(2) and held that "strict compliance is an indispensable prerequisite for a person seeking relief under the statute." Palmer Elec. Servs., Inc. v. Filler, 482 So.2d 509, 510 (Fla. 2d DCA 1986).
We approve the reasoning and rationale of Palmer and, consistent with Palmer, we hold that under section 713.16(2) a lienor must, upon proper demand by an owner, furnish a statement of account within thirty days or lose the lien. The owner's demand need not warn the lienor of the consequences of failing to respond.
In so holding, we align ourselves with the second district, acknowledge conflict with the first district, and reverse the judgment of foreclosure. Having reversed the judgment of foreclosure, we also reverse the trial court's award of costs and attorney's fees to Home Electric.
REVERSED.