544 So.2d 1138 (1989)
ROOF STRUCTURES, INC., Appellant,
v.
Ronnie I. PICOU, Joyce I. Picou, and Southern Grouts & Mortars, Inc., Appellees.
No. 88-1041.
District Court of Appeal of Florida, Fourth District.
June 14, 1989.
*1139 W. Frank Greenleaf of Welbaum, Zook & Jones, Miami, for appellant.
Andrew A. Ostrow and Constance G. Grayson of English, McCaughan & O'Bryan, Fort Lauderdale, for appellees.
STONE, Judge.
This is an appeal by a sub-subcontractor, Roof Structures, Inc., from a judgment for the owner in a suit to enforce a mechanic's lien. The judgment was based upon the failure of the sub-subcontractor to serve a copy of the notice to owner on the true general contractor, Construction Services Company, as required by section 713.06(2)(a), Florida Statutes. The trial court relied upon Hardrives Co. v. Tri-County Concrete Products, Inc., 489 So.2d 1211 (Fla. 4th DCA 1986), holding that the failure to serve the notice was a complete defense to enforcement of Roof Structures' lien.
In this case Roof Structures did serve a copy of the notice to owner upon Radric Industrial Corp., a general contractor which had initially pulled the building permit for the construction, and the only contractor listed with the building department. There is no clear indication in the record why Construction Services Company had not registered with the city. The appellant's contract was not directly with Construction Services. To make matters worse, the owner did not file a notice of commencement. As a result there was no notice to Roof Structures that it could not rely upon the building department records. We note that section 713.135(4), Florida Statutes, requires that the name and address of the contractor be provided in all building permit applications.
Mechanic's lien statutes are to be strictly construed. Sheffield-Briggs Steel Products, Inc. v. Ace Concrete Service Co., 63 So.2d 924 (Fla. 1953). Nevertheless, good faith reasonable substantial compliance has been recognized as effective in cases where material acts or omissions by the owner have caused circumstances of detrimental reliance. Cf. Fidelity and Deposit Company of Maryland v. Delta Painting Corp., 529 So.2d 781 (Fla. 4th DCA 1988); Gator Culvert Co. v. Snapp, 467 So.2d 766 (Fla. 4th DCA 1985); Symons Corp. v. Tartan-Lavers Delray Beach, Inc., 456 So.2d 1254 (Fla. 4th DCA 1984); Design Aluminum, Inc. v. DeSanti, 521 So.2d 285 (Fla. 2d DCA 1988); S & S Air Conditioning Co. v. Cantor, 343 So.2d 923 (Fla. 3d DCA 1977). We conclude that Roof Structures, Inc. was entitled to rely upon the building department records in the absence of contrary notice. We do not consider this to conflict with Hardrives, as here there was a reasonable effort by the subcontractor to comply with the statute.
With respect to a second issue raised concerning compliance with the sworn statement requirement of section 713.16, Florida Statutes, it does not appear that the trial court has specifically ruled on the issue as presented. Nevertheless, we note that there is evidence to support a finding of substantial compliance with the statute, given the totality of the circumstances.
Therefore, the final judgment is reversed and the case remanded for further proceedings.
HERSEY, C.J., and WARNER, J., concur.