547 So.2d 109 (1989)
HOME ELECTRIC OF DADE COUNTY, INC., Petitioner,
v.
Roy B. GONAS, et al., Respondents.
No. 73337.
Supreme Court of Florida.
July 6, 1989.
Rehearing Denied August 30, 1989.
*110 Harold A. Turtletaub, Miami, for petitioner.
Roy B. Gonas, Coral Gables, for respondents.
McDONALD, Justice.
We have for review Gonas v. Home Electric, Inc., 537 So.2d 590 (Fla. 3d DCA 1988), in which the district court acknowledged conflict with Alex v. Randy, Inc., 305 So.2d 13 (Fla. 1st DCA 1974), over whether a demand letter from an owner to a lienor must state that the lienor has to comply within the time limit set out in subsection 713.16(2), Florida Statutes (1985), or lose the lien. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, and we approve the district court's decision in Home Electric.
Home Electric (Home) filed a claim of mechanics' lien against the Gonases for electrical work done on their home as a subcontractor. Gonas wrote to Home demanding a written accounting under oath, as specified by subsection 713.16(2).[1] The demand letter did not mention that a reply must be made within thirty days to preserve the lien, and Home did not furnish the required statement under oath within thirty days. In the action to foreclose Home's lien Gonas moved for summary judgment based on failure to comply with the statute. The trial court denied that motion and, after trial, entered final judgment for Home. On appeal the district court reversed, holding that the mechanics' lien law must be complied with strictly and that Home had not done so.
In Alex the first district construed the then-current version of subsection 713.16(2) liberally and held that a demand letter must include notice of the statutory time for reply. The version of subsection 713.16(2) at issue in Alex, however, provided that reply must be made within only ten days. Moreover, the first district placed great emphasis on the fact that the parties in Alex were lay persons and not familiar with the technical requirements of the applicable law.
We agree with the instant district court that Alex should not control. As this court stated before, mechanics' liens are "purely creatures of the statute." Sheffield-Briggs Steel Products, Inc. v. Ace Concrete Service Co., 63 So.2d 924, 925 (Fla. 1953). As a statutory creature, the mechanics' lien law must be strictly construed. Id.; Foy v. Mangum, 528 So.2d 1331 (Fla. 5th DCA 1988); Palmer Electric Services, Inc. v. Filler, 482 So.2d 509 (Fla. 2d DCA 1986). Subsection 713.16(2) does not require that the owner tell the lienor about the statutory time limit. In Alex the first district ignored the above-stated rule of construction and grafted an additional requirement onto the statute. This it could not properly do.[2] We therefore disapprove *111 Alex to the extent of conflict with this opinion.
We hold "that the mechanics' lien law is to be strictly construed in every particular and strict compliance is an indispensable prerequisite for a person seeking affirmative relief under the statute." Palmer, 482 So.2d at 510.[3] An owner's demand letter need not warn a lienor of the consequences of failing to respond. We approve the instant decision reversing the trial court's final judgment.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] § 713.16(2), Fla. Stat. (1985), provides as follows:

(2) At the time any payment is to be made by the owner to the contractor or directly to a lienor, the owner may in writing demand of any lienor a written statement under oath of his account showing the nature of the labor or services performed and to be performed, the materials furnished and to be furnished, the amount paid on account to date, the amount due, and the amount to become due. Failure or refusal to furnish the statement within 30 days after the demand, or furnishing of a false or fraudulent statement, shall deprive the person so failing or refusing to furnish such statement of his lien.
[2] "The wisdom of the various provisions of the [mechanics' lien act] are matters wholly within the orbit of legislation. We have no right to step into that field." Sheffield-Briggs Steel Products, Inc. v. Ace Concrete Service Co., 63 So.2d 924, 926 (Fla. 1953).
[3] Home argued at oral argument that this case should be remanded regarding the existence of an equitable lien. The district court did not consider this claim, and we choose not to do so as well.