SCHWARTZ, Chief Judge.
National Hauling, Inc. provided fill to a paving subcontractor on a construction site of which Suchman was the owner and Worldwide Construction Corp. the general contractor. When it was not paid, National Hauling sued to impress a mechanic’s lien on the property for the value of its materials. After trial, the lower court denied the application for a mechanic’s lien on the asserted ground that National Hauling had not delivered a copy of the “notice to owner” to the general contractor, Worldwide,[1] within forty-five days of commencement as required by section 713.06(2)(a), Florida Statutes (1983). On a quantum meruit theory, however, the court granted a simple money judgment of $29,208.29 representing the value of the fill. After initially awarding prejudgment interest of $8,373.18, it struck that element from the judgment. Both National Hauling and Suchman have taken separate appeals from the adverse aspects of these rulings. We find no merit in Suchman’s appeal, but agree with both points presented by National Hauling.
We first conclude that the trial judge erred in failing to establish a mechanic’s lien in National Hauling’s favor. The basis of the ruling below, the failure to serve notice on the general contractor, as provided by section 713.06(2)(a), Florida Statutes (1983),[2] is, as the Fourth District has very recently held in Roof Structures, *202 Inc. v. Picou, 544 So.2d 1138 (Fla. 4th DCA 1989), completely negated on the record. This is because, like the owner in Roof Structures, Suehman did not file the notice of commencement required by section 713.-13, Florida Statutes (1983)[3] until after the forty-five day period for service of National Hauling ⅛ notice to the owner. If filed, the notice of commencement would have contained “the name and address of the contractor.” § 713.13(l)(a)4, Fla.Stat. (1983). See Roof Structures, at page 1139. The relationship, in turn, between this violation and the default relied upon below is established by the fact that, in this very case, National Hauling retained a professional service to search the public records and give the required notices to those entities which appeared in them. Thus, if Worldwide had been shown, as required in the notice of commencement, it would have received the notice under section 713.-06(2)(a), Florida Statutes (1983). Following Roof Structures,[4] we therefore likewise hold that the owner’s failure to file the required notice of commencement contributed to and rendered him unable to rely upon the materialman’s failure to serve its section 713.06(2)(a) notice upon the contractor.[5]
We also agree with National Hauling that an assessment of prejudgment interest, representing the value of the materials received and utilized by the owner, was required in this case. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985); Zacco Contractors, Inc. v. Irving Trust Co., 488 So.2d 616 (Fla. 3d DCA 1986). The trial judge was thus correct in his initial ruling allowing this item and incorrect in striking it from the judgment finally entered below.
Lastly, as has been indicated, we have carefully considered the contentions raised by Suehman in his appeal in Case no. 88-680 and find no error.
Based upon these holdings, the lower court is directed to impress a mechanic’s lien in the principal amount of $29,208.29 as of the date of the judgment under re *203 view, together with prejudgment interest, attorney’s fees and costs. Otherwise the judgment below is affirmed.
Affirmed in part, reversed in part and remanded.

. The notice was timely served on the owner, Suchman.

. 713.06 provides in pertinent part:
§ 713.06 Liens of person not in privity; proper payments.—
(2)(a) All lienors under this section, except laborers, as a prerequisite to perfecting a lien under this chapter and recording a claim of lien, shall be required to serve a notice on the owner setting forth the lienor’s name and address, a description sufficient for identification of the real property, and the nature of the services or materials furnished or to be furnished. A sub-subcontractor or a material-man to a subcontractor shall serve a copy of the notice on the contractor as a prerequisite to perfecting a lien under this chapter and recording a claim of lien. A materialman to a sub-subcontractor shall serve a copy of the notice to owner on the contractor and subcontractor of the sub-subcontractor as a prerequisite to perfecting a lien under this chapter and recording a claim of lien. The notice must be served before commencing, or not later than 45 days from commencing, to furnish his services or materials, but, in any event, before the date of the owner’s disbursement of the final payment after the contractor has furnished the affidavit under subparagraph (3)(d)l. or abandonment, whichever shall occur first, [emphasis supplied]

.§ 713.13 provides in pertinent part:
713.13 Notice of commencement.—
(l)(a) An owner or his authorized agent before actually commencing to improve any real property, or recommencing completion of any improvement after default or abandonment, whether or not a project has a payment bond complying with s. 713.23, shall record a notice of commencement in the clerk's office and forthwith post a certified copy thereof containing the following information:
1. A description sufficient for identification of the real property to be improved. The description shall include the legal description of the property and also should include the street address of the property if available or, if there is no street address available, such additional information as will describe the physical location of the real property to be improved.
2. A general description of the improvement.
3. The name and address of the owner as defined in s. 713.01, his interest in the site of the improvement, and the name and address of the fee simple titleholder, if other than such owner.

4. The name and address of the contractor.

5. The name and address of the surety on the payment bond under s. 713.23, if any, and the amount of such bond.
6. The name and address of any person making a loan for the construction of the improvements.
7.The name and address within the state of a person other than himself who may be designated by the owner as the person upon whom notices or other documents may be served under part 1 of this chapter; and service upon the person so designated shall constitute service upon the owner, [emphasis supplied]

. The trial court below and the owner here placed their reliance on Hardrives Co. v. TriCounty Concrete Products, Inc., 489 So.2d 1211 (Fla. 4th DCA 1986). We hold that Hardrives is not controlling for the same reasons the court which decided it, the Fourth District, so held in Roof Structures.

. Indeed, the facts here are even stronger than those in Roof Structures. As conclusively demonstrated by the fact that it issued a check jointly payable to National Hauling and its subcontractor during that period, Worldwide was on actual notice of the materialman and its contributions to the job during the forty-five day period provided by section 713.06(2)(a), Florida Statutes (1983). While we need not directly decide this issue in the light of the owner’s failure to file a timely notice of commencement and the holding in Roof Structures, we would be inclined to hold that this actual notice would itself be sufficient to satisfy the requirements of section 713.06(2)(a), Florida Statutes (1983). See Hardrives, 489 So.2d at 1213 (Anstead, J., dissenting).