STONE, Judge.
We affirm the corrected final judgment entered in favor of a subcontractor against the appellant, Rogers & Ford Construction Corp., general contractors. The record reflects substantial compliance with section 713.06(2)(a), Florida Statutes, by a timely mailing of a notice to the owner, Business Men’s Assurance Company of America, prior to appellee filing its mechanic’s lien. Although, through no fault of appellee, the notice to owner actually was delivered to the owner after the time of recording, there was no resulting prejudice or injury to the owner and the lien was immediately bonded off.
Section 713.06(2)(d), Florida Statutes (1989), provides that:
If a lienor has substantially complied with the provisions of paragraphs (a), (b), and (c), any errors or omissions shall not prevent the enforcement of a claim against a person who has not been adversely affected by such omission or error.
Here there was substantial compliance with the statute. Cf. Roof Structures, Inc. v. Picou, 544 So.2d 1138 (Fla. 4th DCA 1989); Fidelity & Deposit Co. of Md. v. Delta Painting Corp., 529 So.2d 781 (Fla. 4th DCA 1988); Royal Ambassador Condominium Ass’n v. East Coast Supply Corp., 495 So.2d 932 (Fla. 4th DCA 1986).
Additionally, Business Men’s is entitled to the award of attorney’s fees pursuant to rule 9.400, Rules of Appellate Procedure, and section 713.29, Florida Statutes. It is the “prevailing party” notwithstanding that the original judgment, which erroneously imposed a mechanic’s lien on its property, was vacated in the course of this appeal[1], thereby mooting the briefed issue as to the dismissed owner. Under these circumstances we can discern no reason why Business Men’s should not be con *325 sidered a prevailing party. See generally Wollard v. Lloyds, 439 So.2d 217 (Fla.1983); Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976); Augustin v. Health Options of S. Fla., Inc., 580 So.2d 314 (Fla. 3d DCA 1991); Department of Health & Rehabilitative Serv. v. Hall, 409 So.2d 193 (Fla. 3d DCA 1982).
LETTS and POLEN, JJ., concur.
BY ORDER OF THE COURT:
ORDERED that the motions for attorneys’ fees filed by Robert Feldman, counsel for appellee, are hereby granted, and pursuant to Fla.R.App.P. 9.400(b), upon remand of this cause the amount thereof shall be assessed by the trial court upon due notice and hearing, subject to review by this court under Fla.R.App.P. 9.400(c); further,
ORDERED that appellant’s motion filed January 9, 1992, for rehearing or for certification is hereby denied.

. The court relinquished jurisdiction for entry of a corrected judgment.