63 So.2d 924 (1953)
SHEFFIELD-BRIGGS STEEL PRODUCTS, INC. et al.
v.
ACE CONCRETE SERVICE CO., Inc.
Supreme Court of Florida, Division B.
March 31, 1953.
George C. McCaughan, Miami, for appellants.
Padgett & Teasley and Daisy Richards, Miami, for appellee.
DREW, Justice.
This is an appeal from the Circuit Court of Dade County holding that the appellee, Ace Concrete Service Co., Inc., a lienor under Chapter 84, F.S.A., was entitled to priority of payment over other lienors by virtue of the fact that 72 days after it commenced to furnish materials on a construction job, but prior to completion, it gave cautionary notice under Chapter 84.04, F.S.A. The appeal is taken by the other lienors who gave no notice under said Section.
All parties agree that each is entitled to some recovery as lienors from the fund paid into the registry of the court by the owner after the insolvency of the general contractor. The only question is the correctness of the lower court's decree granting priority to the appellee.
We are thus presented with a question under Chapter 84, F.S.A., which has not been heretofore decided by this Court. Succinctly stated, the question is this:
In order for a subcontractor-materialman to be entitled to priority in payment over other lienors, must "notice of intention to claim a lien" under Section 84.04, F.S.A., be given before beginning work or furnishing materials, or within thirty days in event after beginning work or furnishing materials?
It is stipulated here that appellee began work on October 16, 1950, continued such work to and beyond December 27, 1950, and gave notice to the owner under Section 84.04, F.S.A., on December 27, 1950. Thus, there was a lapse of 72 days after beginning work before the notice was given.
Section 84.04(1) (a), F.S.A., reads:
"Notice to owner by lienors and by statement under oath given by contractor.
"(1) (a) Excepting a person contracting directly with the owner and excepting a laborer by whomever employed, any lienor, or any prospective lienor may, before beginning, or within thirty days after beginning but not *925 later than the day of completing his labor or services or his furnishing of materials, give to the owner a written notice of intention to claim a lien, hereinafter called a `notice.'"
Section 84.02, F.S.A., provides that a "* * * sub-contractor, materialman * * * subject to his compliance with the provisions of this chapter * * * and to the provisions of §§ 84.04 and 84.05 and subject to the priorities established by §§ 84.06 and 84.20 * * * have a lien" etc. Section 84.06 provides, inter alia: "In determining amounts of which liens under any direct contract shall be allowed * * * the court shall allow such liens in the following classes and in the following order:
"(1) Liens of all laborers. [Not involved here]
"(2) Liens covered by notices given in compliance with the requirements of subsection one of § 84.04.
"(3) All other liens except the lien of the contractor." (Emphasis supplied.)
Section 84.20 provides, inter alia, "All liens provided by this chapter except those of laborers shall, subject to the provisions of §§ 84.04 [the cautionary notice Section quoted above], 84.05 [relating to payments properly made by the owner] and 84.06 [order of allowance of priority among lienors], be on a parity and shall be settled prorata." (Emphasis supplied.)
The appellants argue that in order for a sub-contractor-materialman to be entitled to priority over other lienors of his class the statute mandatorily requires him to give the notice required by Section 84.04(1) before beginning work or (2) within 30 days after beginning but not later than the day of completion of work. They argue that the words "before beginning" are set out as a complete phrase as are the words "within thirty days after beginning but not later than the day of completing his labor" and the latter must be read together as one integral part of the limitation as set forth in the Act, not as two separate and distinct limitations. They contend that to hold otherwise would make the words "within thirty days after beginning" superfluous, unnecessary and ridiculous in the surroundings. They boil down their argument with the statement: "The earliest the prospective lienor may thus act is before beginning furnishing his labor, services or materials, and the last possible time at which he can avail himself of this opportunity is within thirty days after his commencement."
On the other hand, appellee contends a reasonable construction of the statute requires that the prospective lienor, in order to be entitled to priority of other like lienors, has three different periods within which to serve the notice under Section 84.04, viz.: (1) Ten days (sic) prior to beginning; (2) within thirty days after beginning, and (3) any time prior to completion.
With the exception of one Section, which is not material here, Chapter 84, F.S.A., is a copy of The Model Mechanics's Lien Act, which was approved by the National Conference of Commissioners on Uniform State Law in 1932. Vol. 9 U.L.A. 495. It was adopted by the Florida Legislature in 1935 as Chapter 17097. No other State has adopted it.
Mechanics' liens are purely creatures of the statute. In order to acquire a lien or obtain priority over other lienors, the positive mandate of the statute must be observed. Curtiss-Bright Ranch Co. v. Selden Cypress Door Co., 91 Fla. 534, 107 So. 679; Shaw v. Del-Mar Cabinet Co., Inc., Fla., 63 So.2d 264. Chapter 84 is overflowing with admonitions such as "subject to his compliance with the provisions of this chapter" (Chapter 84.02); "subject to the provisions of §§ 84.04, * * *." Section 84.20.
A careful study of the statute and particularly the Section with which we are primarily concerned here, 84.04, leads us to the conclusion that the appellants are correct in their interpretation of the Section. The statute is quite clear that the words "but not later than the day of completing his labor or services" are limited by the preceding words "within thirty days after beginning". In other words, we construe the statute to mean that the notice must be given (1) before commencing work or  if the work extends over a period of more than thirty days  within said thirty day period, if less than thirty days, before completion. Any cautionary notice given after *926 the expiration of thirty days after commencing work, would not be a compliance with Section 84.04.
In ascertaining the legislative intent, courts consider, among other factors, the history of the Act. State Board of Accountancy v. Webb, Fla., 51 So.2d 296. The subject Act had been published  along with the Commissioner's explanatory notes  for at least two years prior to its enactment by the Florida Legislature. The same notes we quote from here were available to the Legislature when the Act was adopted.
In commenting on various phases of the Act the Commissioner observed:
"Priority in payment of the funds covered by the informal notice referred to is given (after a first priority to laborers) to those who give the owner their notices while still rendering services but within thirty days of beginning to do so, but those not giving such notices are not deprived of the right thereafter to file for record a formal claim of lien. (Emphasis supplied).
"Though he is not required to do so, the owner may, as the work progresses, make payments to laborers at any time without requirement of the aforesaid informal notice; to claimants who give that notice within the limited time provided enough money is in hand to satisfy laborers and lienors previously giving notice within the limited time; and he may make such progress payments to lien claimants who give such notice after the limited time or who do not give such notice, provided he retains sufficient funds to cover amounts due all laborers and amounts included in notices previously or thereafter given.
"Among lien claimants liens are decreed with the following priorities: (1) to laborers; (2) to claimants giving the informal notice within the limited time; (3) to other lien claimants except the contractor; (4) to the contractor (S. 6). Liens are satisfied from funds available for the purpose as follows: (1) To laborers, pro rata; and (2) to all other lienors, pro rata." 9 U.L.A. 486.
Under paragraph 4 of the Uniform Act, Section 84.04, F.S.A., we find the following:
"* * * facility is given to lien claimants within thirty days from the time they begin the furnishing of the materials or services but before completing their services to notify the owner of the real property of the amount and nature of the claim in a form of notice set forth in the section, said from being sufficiently informative to apprise the owner of his responsibilities. The same sort of notice may be given the owner after the limited time mentioned but those giving notice within the limited time are given priority in declaration of liens over those who give notice after the limited time and those who rely solely on the filing of a formal claim of lien. While notices thus given within the thirty-day period establish a priority in favor of the particular claimant, the failure to give such a notice does not preclude a claimant from thereafter filing the formal claim of lien provided for in section 17 of the act (84.16, F.S.A.) At the time of the final payment by the owner to the contractor, the latter must give to the former a statement under oath of the condition of accounts between the contractor and other lienors employed upon the project." (Emphasis supplied). 9 U.L.A. 498.
The appellee's argument that "to insist on any other construction (than that contended for by it) would be to embarrass the lienor and cause him to lose many jobs which he would not lose if notice were withheld until just before completion," strikes no responsive chord with us. The wisdom of the various provisions of the Act are matters wholly within the orbit of legislation. We have no right to step into that field. Finding the mandate of the statute clear, it is our duty to observe it.
For the reasons pointed out, the decree of the lower court is reversed with directions to enter a decree in accordance with this opinion.
ROBERTS, C.J., and THOMAS and HOBSON, JJ., concur.