459 So.2d 1103 (1984)
STANDARD HEATING SERVICE, INC., Appellant,
v.
GUYMANN Construction, Inc., and Ohio Casualty Insurance Company, Appellees.
No. 84-533.
District Court of Appeal of Florida, Second District.
November 7, 1984.
Rehearing Denied December 11, 1984.
*1104 Robert B. Bennett, Jr., Sarasota, for appellant.
Steven Carta of Simpson, Henderson, Savage & Carta, Fort Myers, for appellees.
LEHAN, Judge.
Appellant furnished for a construction project diesel fuel and other petroleum products to an excavation firm which was under a subcontract with the appellee general contractor. Appellant sued the general contractor and the surety on a Labor and Material Payment Bond which had been furnished by the general contractor in connection with the work. Appellant's complaint alleged two counts, one for nonpayment of a statutory bond and the other for nonpayment of a common law bond. The trial court dismissed both counts. We affirm.
The record shows that the Notice of Commencement which was not recorded by the owner of the project until February 12, 1982, was not timely recorded because construction apparently began on October 16, 1981. See § 713.13, Fla. Stat. (1981). Notice of the bond was served by the owner upon appellant on March 9, 1983. Thereafter, appellant's notice of intent to rely upon the bond was served upon the general contractor, the surety, and the owner on March 28, 1983.
Regarding the dismissal of Count I on a statutory bond, appellant contends that the trial court erred in determining that the products supplied by appellant (diesel fuel, motor oil, lubricants, and other petroleum products) were not "materials" within the meaning of section 713.23, Florida Statutes (1981). Also appellant contends the trial court erred in determining that appellant failed to timely serve his notice to contractor and notice of nonpayment.
Appellee concedes, and we agree, that the trial court erred in determining that the products supplied were not "materials." The furnishing of diesel fuel constituted the furnishing of materials under section 713.23. See Miami-Dade Water and *1105 Sewer Authority v. Progress Supply, Inc., 389 So.2d 253 (Fla. 3d DCA 1980).
However, we believe the trial court was correct in determining that the notice to contractor was not timely served. Section 713.23(1)(d) provides in part:
Either before beginning or within 45 days after beginning to furnish labor, materials, or supplies, a lienor who is not in privity with the contractor, except a laborer, shall serve the contractor with notice in writing that the lienor will look to the contractor's bond for protection on the work. If a notice of commencement is not recorded, or a reference to the bond is not given in the notice of commencement, and in either case if the lienor not in privity with the contractor is not otherwise notified in writing of the existence of the bond, the lienor not in privity with the contractor shall have 45 days from the date the lienor is notified of the existence of the bond within which to serve the notice. (Emphasis added.)
Thus, in this case notice of intent to rely upon the bond was required to be served within 45 days after appellant was notified of the existence of the bond. Appellant contends that it was not notified of the bond until March 9, 1983, when the notice of bond was served. Based upon that date, appellant's notice of intent to rely on the bond, served on March 28, 1983, was timely. On the other hand, appellee contends that appellant received notice of the existence of the bond on February 12, 1982, the date of recording and posting of the Notice of Commencement. Based upon that date, appellant's notice was untimely. We agree with appellee.
The fact that the Notice of Commencement was recorded late does not mean that it did not provide notice of the existence of the bond. The Notice of Commencement did provide such notice. The fact that the name and address of the surety was not given in the notice, as required by section 713.13, does not mean that appellant did not receive the requisite notice. Appellant did not need the surety's name and address because appellant's notice of intent to rely on the bond was required to be made to the contractor, not the surety. § 713.23(1)(d), Fla. Stat. (1981). Appellant was not prejudiced by the omission of the surety's name and address.
Appellant also contends that the trial court erred in determining that Count II did not state a cause of action because the bond was not a common law bond. We disagree. A payment bond is a common law bond if it provides more expansive coverage than that provided for in the statute. See Southwest Florida Water Management District v. Miller Construction Co., Inc. of Leesburg, 355 So.2d 1258 (Fla. 2d DCA 1978); State, Department of Transportation v. Houdaille Industries, Inc., 372 So.2d 1177 (Fla. 1st DCA 1979). The bond here was no more expansive than a statutory bond provided for by section 713.23, Florida Statutes (1981). The fact that the bond here specifically applied to the furnishing of water, gas, power, light, heat, oil, gasoline, telephone service or rental equipment, whereas, the statute applies to the furnishing of "materials" (which includes fuel, see Progress Supply, supra) is of no moment. The bond provided no more expanded coverage than a statutory bond. Furthermore, the bond's definition of a claimant appears no more expansive than the requirement of section 713.23 that a statutory bond cover lienors. See § 713.01(10), Fla. Stat. (1981).
Affirmed.
RYDER, C.J., and SCHOONOVER, J., concur.