558 So.2d 88 (1990)
CORPORATION OF THE PRESIDENT OF THE LATTER DAY CHURCH OF JESUS CHRIST and Fireman's Insurance Company of Newark, New Jersey, Appellants,
v.
SEYMOUR ELECTRIC SUPPLY CO., INC., Appellee.
No. 89-1334.
District Court of Appeal of Florida, First District.
February 28, 1990.
Rehearing Denied April 10, 1990.
*89 Deborah M. Overstreet, Burke & Blue, Panama City, for appellants.
William G. Warner, Hutto, Nabors, Bodiford & Warner, Panama City, for appellee.
ALLEN, Judge.
The Corporation of the President of the Latter Day Church of Jesus Christ (the church) and Fireman's Insurance Company of Newark, New Jersey (the surety) appeal from a judgment in favor of appellee, Seymour Electric Supply Co., Inc. (Seymour), in Seymour's suit to foreclose a mechanic's lien and to recover on a construction bond. Because the church was exempt from the mechanic's lien law due to having secured a payment bond, and because Seymour failed to comply with statutory requisites for recovery against the surety on the bond, we reverse.
In January of 1986, Marshall Construction, Ltd. (Marshall) agreed to serve as general contractor for the construction of an addition to the church's building in DeFuniak Springs, Florida. That same month, Marshall obtained a payment bond in favor of the church from the surety to insure payment of subcontractors and materialmen on the job. In February of 1986, Marshall subcontracted certain electrical work on the job to John C. Smith d/b/a Walton Electric Company (Walton). Walton, in turn, contracted with Seymour for Seymour to supply electrical materials to be used by Walton in carrying out Walton's obligations under its contract with Marshall. Seymour delivered the electrical materials over a period extending through September or October of that year.
After receiving little or no payment from Walton for the materials, Seymour filed a "claim of lien"[1] against the church property in December of 1986. Seymour neglected, however, to serve Marshall with a "notice of nonpayment."[2] In May of 1987, Seymour filed an action against the church to establish and foreclose a mechanic's lien. On June 9, 1987, Marshall recorded a "notice of bond."[3] On that same day, the clerk of the circuit court for Walton County served Seymour with a copy of the notice, which gave Seymour its first knowledge of the existence of the payment bond. Seymour took no action as a result of this notification until October 15, 1987, when it amended its complaint to add the surety as a defendant and add a count requesting recovery under the payment bond. Thereafter, both the church and the surety unsuccessfully moved to dismiss the complaint and for summary judgment. Judgment *90 was ultimately entered for Seymour against both.
When the church received the payment bond provided by Marshall in January of 1986, it was thereafter exempt from any liens growing out of the construction, other than the lien of the general contractor, Marshall. Section 713.02(6), Florida Statutes (1985). Because of the existence of the bond, Seymour was limited to an action against the surety, and the church's motion to dismiss should have been granted.
Section 713.23, Florida Statutes (1985), provides that a lienor must serve the contractor with a "notice of nonpayment" within 90 days after complete delivery of materials and supplies. The section also provides that a lienor not in privity with the contractor has 45 days from the date the lienor is notified of the existence of a payment bond within which to serve the contractor with a "notice to contractor."[4] Subsection (1)(f) of the statute provides, in pertinent part, that "No action for the ... materials or supplies may be instituted or prosecuted against the contractor or surety unless both notices have been given."[5] Here, Seymour served Marshall with neither of the required notices. Consequently, the surety's motion to dismiss should have been granted.
Appellee argues that this court should not require strict adherence to the requirements of the Mechanics' Liens Law. We are guided, however, by the very clear holdings of our Supreme Court. In a recent decision, Home Electric of Dade County, Inc. v. Gonas, 547 So.2d 109, 111 (Fla. 1989), Justice McDonald wrote for a unanimous court as follows:
We hold "that the mechanic's lien law is to be strictly construed in every particular and strict compliance is an indispensable prerequisite for a person seeking affirmative relief under the statute."[6]
Id. at 111.
Accordingly, the judgment appealed from is reversed, and the cause is remanded to the trial court for further proceedings in accordance with this opinion.
BOOTH and JOANOS, JJ., concur.
NOTES
[1] Section 713.08, Florida Statutes (1985).
[2] Section 713.23(1)(e), Florida Statutes (1985).
[3] Section 713.23(2), Florida Statutes (1985).
[4] Section 713.23(1)(d), Florida Statutes (1985).
[5] Section 713.23(1)(f), Florida Statutes (1985) (emphasis added).
[6] Quoting Palmer Electric Servs., Inc. v. Filler, 482 So.2d 509, 510 (Fla. 2d DCA 1986).