PER CURIAM.
Stresscon, a general partnership, appeals an adverse summary judgment entered in favor of appellees Reynaldo and Viviana Madiedo on claims for foreclosure of a mechanic’s lien and for quantum meruit. We affirm.
Stresscon was a sub-subcontractor on a contract to build a warehouse for the Ma-diedos. Stresscon installed prestressed concrete “Double T” beams as agreed with the subcontractor, Lartran Construction. Lartran went into bankruptcy and Stress-con was not paid.
Subsequent to Stresscon’s filing of the claim of lien against the Madiedos, the Ma-diedos sent a demand to Stresscon under subsection 713.16(2), Florida Statutes (1987). The statute provides:
At the time any payment is to be made by the owner to the contractor or directly to a lienor, the owner may in writing demand of any lienor a written statement under oath of his account showing the nature of the labor or services performed and to be performed, the materials furnished and to be furnished, the amount paid on account to date, the amount due, and the amount to become due. Failure or refusal to furnish the statement within SO days after the demand, or furnishing of a false or fraudulent statement, shall deprive the person so failing or refusing to furnish such statement of his lien.
(Emphasis added). Stresscon sent a timely statement of account by certified mail. It is undisputed that the statement of account is accurate, but Stresscon failed to notarize it, as the statute requires.
After litigation ensued, the Madiedos moved for summary judgment on the ground that Stresscon’s statement of account was not notarized. The Madiedos made no showing of prejudice, but argued that strict compliance was required without regard to prejudice. In response the Stresscon employee who signed the statement of account provided an affidavit stating, in part, that “The statements set forth in the November 9, 1987 letter [the statement of account] are true on this date as they were true on the date thereof.”
In granting summary judgment for the Madiedos, the trial court relied on the Florida Supreme Court’s recent decision in Home Electric of Dade County, Inc. v. Gonas, 547 So.2d 109 (Fla.1989) in which the court stated, “We hold ‘that the mechanics’ lien law is to be strictly construed in every particular and strict compliance is an indispensable prerequisite for a person seeking affirmative relief under the statute.’ ...” Id. at 111 (citation omitted). Stresscon argues that Home Electric should be distinguished, since in that case Home Electric failed to supply any statement whatsoever. In the present case the statement was timely and accurate, but lacked only the notarization. Stresscon also points out that the amount stated in the letter is close to the amount set forth in the claim of lien, which is notarized, and that the trial court’s construction of subsection 713.16(2) is at odds with the policy stated in subsection 713.08(4)(a), Fla.Stat. (1987), which provides that errors or omissions in a claim of lien will not prevent its enforcement against one who has not been adversely affected thereby.
Given the breadth of the language used in Home Electric, we conclude that we have no alternative but to affirm. We certify the following as a question of great public importance:
MAY THE FAILURE TO NOTARIZE AN OTHERWISE TIMELY AND ACCURATE STATEMENT OF ACCOUNT UNDER SUBSECTION 713.16(2), FLORIDA STATUTES (1987), BE CURED BY VERIFICATION AFTER THE FACT, SO LONG AS THERE IS NO PREJUDICE TO THE OPPOSING PARTY?
As to Stresscon’s remaining points on appeal, no reversible error has been shown.
Affirmed; question certified.