581 So.2d 158 (1991)
STRESSCON, Etc., Petitioner,
v.
Reynaldo MADIEDO, et al., Respondents.
No. 76234.
Supreme Court of Florida.
June 13, 1991.
*159 James S. Lupino and Frank Mendez of Storace, Lupino & Middelthon, Miami, for petitioner.
Lawrence R. Heller of Gilbride, Heller & Brown, P.A., Miami, for respondents.
HARDING, Justice.
We have for review Stresscon v. Madiedo, 561 So.2d 1351, 1352 (Fla. 3d DCA 1990), in which the district court certified the following question to be of great public importance:
MAY THE FAILURE TO NOTARIZE AN OTHERWISE TIMELY AND ACCURATE STATEMENT OF ACCOUNT UNDER SUBSECTION 713.16(2), FLORIDA STATUTES (1987), BE CURED BY VERIFICATION AFTER THE FACT, SO LONG AS THERE IS NO PREJUDICE TO THE OPPOSING PARTY?
We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution, and we answer the question in the negative.
Stresscon was a sub-subcontractor on a contract to build a warehouse for Madiedo. Stresscon installed concrete beams as agreed with the subcontractor, Lartran Construction. The record reflects that Madiedo paid the contractor who subsequently paid Lartran. Lartran went into bankruptcy and Stresscon was not paid. Subsequent to Stresscon's filing of the claim of lien against Madiedo for work completed, Madiedo sent a demand letter to Stresscon pursuant to section 713.16(2), Florida Statutes (1987).[1] The letter demanded that Stresscon provide a written statement under oath of its account in this matter. Thereafter, Stresscon sent a timely and accurate statement of account by certified mail, but failed to notarize the statement. In Stresscon's action to foreclose the lien, Madiedo moved for summary judgment on the ground that Stresscon's statement of account was not notarized. In response, the Stresscon employee who signed the statement of account provided an affidavit swearing to its truthfulness and accuracy. The trial court, relying upon Home Electric of Dade County, Inc. v. Gonas, 547 So.2d 109 (Fla. 1989), granted summary judgment for Madiedo. The Third District Court of Appeal affirmed. We approve the result below.
This Court's decision in Home Electric is controlling in this case. In Home Electric an electrical contractor filed a claim of lien against the homeowner for work completed. As specified by section 713.16(2), Florida Statutes (1985), the homeowner demanded a statement of account from the contractor. However, the demand letter did not mention that a reply must be made within thirty days to preserve the lien, and the contractor failed to furnish the statement within the required time. Noting *160 that mechanics' liens are purely statutory creatures, this Court held "`that the mechanics' lien law is to be strictly construed in every particular and strict compliance is an indispensable prerequisite for a person seeking affirmative relief under the statute.'" Home Electric, 547 So.2d at 111 (quoting Palmer Elec. Servs., Inc. v. Filler, 482 So.2d 509, 510 (Fla. 2d DCA 1986)). Accordingly, the contractor's failure to strictly comply with section 713.16(2) resulted in the denial of an otherwise valid lien. In the instant case, Stresscon also failed to strictly comply with section 713.16(2), and its lien must be denied.
The fact that no prejudice has been nor can be shown is not the determining factor in this case; nor is it significant that Stresscon substantially complied with the mechanics' lien law. The courts have permitted substantial compliance or adverse effect to be considered in determining the validity of a lien when there are specific statutory exceptions which permit their consideration. See, e.g., Royal Ambassador Condo. Ass'n v. East Coast Supply Corp., 495 So.2d 932 (Fla. 4th DCA 1986) (addressing section 713.08(4)(a), Florida Statutes, which provides that omission of details or errors in the claim of lien shall not "prevent the enforcement of such lien as against one who has not been adversely affected by such omission or error"); Blinn v. Dumas, 408 So.2d 683 (Fla. 1st DCA 1982) (same); Mid-State Contractors, Inc. v. Halo Dev. Corp., 342 So.2d 1078 (Fla. 2d DCA 1977) (same);[2]see also § 713.06(2)(c), Fla. Stat. (1987) (provides that notice to owners "may be in substantially the following form"); and § 713.23, Fla. Stat. (1987) (notice to contractors, notice of nonpayment, notice of bond and payment bond shall be sufficient if "in substantially the following form"). In contrast, section 713.16(2) requires that the lienor's written statement of account be under oath. Furthermore, this section contains no language permitting either substantial compliance or lack of prejudice to be considered in determining the validity of a lien.
As this Court has stated before, mechanics' liens are "purely creatures of the statute." Sheffield-Briggs Steel Prods., Inc. v. Ace Concrete Serv. Co., 63 So.2d 924, 925 (Fla. 1953). Because the acquisition of a mechanic's lien is purely statutory, there must be strict compliance with the mechanics' lien law in order to acquire such a lien. Id. Section 713.16(2) requires the lienor to provide a written statement under oath. Stresscon's failure to notarize the statement of account must result in a denial of the mechanic's lien.
Accordingly, we answer the certified question in the negative and approve the result below.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
OVERTON, J., dissents.
NOTES
[1] Section 713.16(2), Florida Statutes (1987), provides:

At the time any payment is to be made by the owner to the contractor or directly to a lienor, the owner may in writing demand of any lienor a written statement under oath of his account showing the nature of the labor or services performed and to be performed, the materials furnished and to be furnished, the amount paid on account to date, the amount due, and the amount to become due. Failure or refusal to furnish the statement within 30 days after the demand, or furnishing of a false or fraudulent statement, shall deprive the person so failing or refusing to furnish such statement of his lien.
[2] Although these cases addressed the Florida Statutes for 1975, 1980 and 1981, the provision in question in each is identical to the 1987 provision.