588 So.2d 1061 (1991)
MURSTEN CONSTRUCTION COMPANY and Fidelity and Deposit Company of Maryland, Appellants,
v.
C.E.S. INDUSTRIES, INC., d/b/a Consolidated Electric Supply, Appellee.
No. 91-1219.
District Court of Appeal of Florida, Third District.
November 12, 1991.
Rehearing Denied December 17, 1991.
Leiby, Ferencik & Libanoff and Larry R. Leiby, Miami, for appellants.
Wright, Fulford, Moorhead & Wittek and Timothy R. Moorhead, Orlando, for appellee.
Before NESBITT, FERGUSON and COPE, JJ.
PER CURIAM.
Mursten Construction Company and Fidelity and Deposit Company of Maryland, defendants below, appeal a summary final judgment in favor of plaintiff, C.E.S. Industries, Inc. We reverse.
Mursten Construction Company was the general contractor hired to erect improvements to real property owned by Saint Andrews Episcopal Church, Inc., the owner of the real property. The general contractor obtained a payment bond from Fidelity and Deposit Company of Maryland, as surety, pursuant to section 713.23, Florida Statutes (Supp. 1988). The owner did not file a Notice of Commencement pursuant to section 713.13, Florida Statutes (Supp. 1988).
The general contractor entered into a subcontract with Bly Electrical Construction & Services, Inc., for the electrical portion of the project. In turn, plaintiff C.E.S. Industries ("CES" or "material supplier") was a supplier of electrical materials to Bly Electrical.
Plaintiff material supplier timely sent a Notice to Owner. At that time plaintiff requested both the owner and the general contractor to advise if any payment bond existed and to furnish a copy. Neither the owner nor general contractor ever responded to that request.
*1062 The material supplier filed a claim of lien in April, 1989, contending that it was unpaid for a substantial amount of materials. (This amount was later found to be $70,000.) In May, 1989 the material supplier brought suit against the owner to foreclose the mechanic's lien, and against Bly Electrical for open account and account stated. It should be noted that the general contractor and the surety were not defendants in the suit as originally filed.
In June, 1989 a Notice of Bond was filed pursuant to subsection 713.23(2), Florida Statutes (Supp. 1988).[1] This notice was provided to the material supplier, which thereby learned of the existence of the payment bond. The owner then moved to dismiss, correctly asserting that the material supplier's claim was transferred to the bond by virtue of subsection 713.23(2).
In view of the foregoing, the material supplier was granted leave to amend. By means of the amended complaint, the plaintiff added the general contractor and surety to the lawsuit as defendants. The amended complaint sought recovery against the general contractor as principal, and Fidelity and Deposit Company as surety, under the bond.[2]
The plaintiff material supplier moved for summary judgment. The general contractor and surety made several arguments in opposition, but the one which concerns us here is the assertion that the plaintiff material supplier had failed to comply with the statutory conditions precedent to maintaining its action against them, see § 713.23(1)(f), Fla. Stat. (Supp. 1988), and that the statutory periods for satisfying the conditions precedent had expired. See id. § 713.23(1)(d), (e). The trial court ruled in plaintiff material supplier's favor on this point, making the finding that plaintiff had complied with section 713.23. The court entered summary final judgment for plaintiff and this appeal ensued.
Section 713.23 provides that where, as here, "a notice of commencement is not recorded, ... and ... the lienor not in privity with the contractor is not otherwise notified in writing of the existence of the bond, the lienor not in privity with the contractor shall have 45 days from the date the lienor is notified of the existence of the bond within which to serve the [statutory] notice [to contractor]." Id. § 713.23(1)(d). The form of the notice to contractor is set forth in the statute. Id.[3]
Section 713.23 also provides, "[i]n addition, a lienor shall be required, as a condition precedent to recovery under the bond, to serve a written notice of nonpayment to the contractor and the surety within 90 days of the date a payment is due to the lienor under a contract." Id. § 713.23(1)(e). The form of that notice is also set forth in the statute. Id.[4]
The crucial portion of the statute for present purposes is: "No action for the labor or materials or supplies may be instituted or prosecuted against the contractor or surety unless both notices have been given." Id. § 713.23(1)(f) (emphasis added).
It is uncontroverted that the plaintiff material supplier did not give the statutory notice to contractor and notice of nonpayment. The material supplier argues, however, that all of the required information was contained in the amended complaint, *1063 and therefore the statutory notice requirements were satisfied.
As we understand the prevailing decisional law, we are obliged to give the mechanic's lien statute a strict, and therefore literal, reading. See Home Electric of Dade County, Inc. v. Gonas, 547 So.2d at 110-11; Stresscon v. Madiedo, 581 So.2d 158 (Fla. 1991), approving 561 So.2d 1351 (Fla. 3d DCA 1990); accord Corporation of the President of the Latter Day Church of Jesus Christ v. Seymour Electric Supply Co., 558 So.2d 88, 90 (Fla. 1st DCA 1990).
Here, the statute proscribes the institution or prosecution of an action against the contractor or surety unless the statutory notices have been given. § 713.23(1)(f), Fla. Stat. (Supp. 1988). In view of the authority cited above, we have no alternative but to hold that the plaintiff material supplier had to provide the statutory notices as a condition precedent to filing suit against the general contractor and surety on the section 713.23 payment bond. The amended complaint could not itself serve as the statutory notice. See Corporation of the President v. Seymour Electric Supply Co., 558 So.2d at 90.
The material supplier also argues that under the circumstances present here, the section 713.23 payment bond should be treated as a transfer bond under section 713.24, Fla. Stat. (1987). While section 713.23 itself draws an analogy to section 713.24,[5] the requirements for payment bonds and suits thereon are set forth at length and in detail in section 713.23. We are unable to adopt the position advanced by plaintiff.[6]
We therefore reverse the summary judgment and remand for further proceedings consistent herewith. In view of the result we reach, we need not address the other arguments of the parties.
NOTES
[1] This was the second such notice that was filed, and is the operative one for present purposes. An earlier Notice of Bond had been filed in April, 1989 in response to the material supplier's claim of lien. That notice was ineffective because it was not verified. See id.; Stresscon v. Madiedo, 581 So.2d 158 (Fla. 1991), approving 561 So.2d 1351 (Fla. 3d DCA 1990); Home Electric of Dade County, Inc. v. Gonas, 547 So.2d 109, 110-11 (Fla. 1989).

In addition, the material supplier contends that it did not receive the first notice. The material supplier would have had to receive it in order to trigger the notice times set forth in paragraphs 713.23,(1)(d)-(e), Fla. Stat. (Supp. 1988). Because the first Notice was deficient, we need not discuss the disputed issue of material fact on the question of receipt of the first Notice by the material supplier.
[2] These same claims were brought forward in a later filed second amended complaint.
[3] See supra note 1.
[4] The notices need only be in "substantially" the statutory form. Id. § 713.23(1)(d), (e).
[5] See § 713.23(2), Fla. Stat. (Supp. 1988).
[6] For present purposes the 1988 version of the Florida Statutes is controlling. We express no opinion on later statutory amendments.