849 So.2d 1193 (2003)
BRIDGEPORT INCORPORATED, a Florida corporation, and CGU Insurance Company, a Foreign Surety Company, Appellants,
v.
RINKER MATERIALS CORPORATION, d/b/a CSR Rinker Materials Corporation, a Florida corporation; P.C.R. Enterprises, Inc., a Florida corporation; Patrick Roy, individually; and City View Joint Venture, Appellee.
No. 4D02-4186.
District Court of Appeal of Florida, Fourth District.
July 23, 2003.
*1194 William L. Grant and Earnest DeLoach, Jr. of Shutts & Bowen LLP, Orlando, for appellants.
Ronald E. Dobelstein, Alpharetta, GA, for Appellee-Rinker Materials Corporation.
STONE, J.
We reverse a summary judgment entered in favor of Rinker Materials Corporation on a bond claim for sums owed for materials supplied on a construction project.
Bridgeport, a general contractor, entered into a subcontract with P.C.R. Enterprises, Inc., which in turn subcontracted with Rinker. At the time Rinker commenced its supply of materials, in October 1999, it served both Bridgeport and CGU Insurance Company, the surety, with a notice to owner/notice to contractor. When Rinker did not get paid, it served Bridgeport and CGU with copies of claims of lien.
Rinker then filed a complaint to foreclose a construction lien and for damages in December 2000. Rinker later amended the complaint to include a claim on the bond. Rinker alleged that although CGU furnished a payment bond, it never furnished said bond to Rinker. Bridgeport and CGU alleged, as an affirmative defense, that Rinker had failed to comply with conditions precedent by failing to serve notices of non-payment as required by section 713.23 and that Rinker was not excused by claiming it was not aware of the CGU bond, because Rinker's initial notice identified CGU as the bonding company and was served upon CGU. It was also alleged that Rinker's claim was barred by the one year statute of limitations.
Rinker asserts that its claim of lien serves as the statutory notice required under section 713.23, Florida Statutes. Section 713.23(1) provides, in relevant part:
(c) Either before beginning or within 45 days after beginning to furnish labor, materials, or supplies, a lienor who is not in privity with the contractor, except a laborer, shall serve the contractor with a notice in writing that the lienor will look to the contractor's bond for protection on the work....
(d) In addition, a lienor is required, as a condition precedent to recovery under the bond, to serve a written notice of nonpayment to the contractor and the surety not later than 90 days after the final furnishing of labor, services, or materials by the lienor....
(e) No action for the labor or materials or supplies may be instituted or prosecuted against the contractor or surety unless both notices have been *1195 given. No action shall be instituted or prosecuted against the contractor or against the surety on the bond under this section after 1 year from the performance of the labor or completion of delivery of the materials and supplies....
Bridgeport followed with its own motion for summary judgment, alleging that CGU issued the labor and material payment bond pursuant to section 713.23, that Rinker did not send CGU a notice of non-payment as required by section 713.23, and that Rinker failed to commence an action on the bond within one year from the performance of the labor or completion of delivery of the materials and supplies pursuant to section 713.23.
There was a hearing and a rehearing of the summary judgment motions. For the rehearing, Bridgeport filed the affidavit of attorney William Grant, who averred that Bridgeport timely served the notice of bond. Also attached was a purported "Notice of Bond" with CGU as surety dated February 23, 2000, which was sent to Rinker. The motion for rehearing was denied.
The trial court erred in entering summary judgment for Rinker and denying Bridgeport's motion for rehearing. Clearly, Rinker did not comply with the requirements of the mechanics lien law before initiating an action on the bond. The notice requirements of section 713.23 are mandatory. See N. Am. Specialty Ins. v. Hughes Supply, Inc., 705 So.2d 616 (Fla. 4th DCA 1998). Here, Rinker failed to serve a notice of non-payment and failed to file suit within one year from the furnishing of materials in violation of subsections (d) and (e). The trial court should not have entered summary judgment in its favor.
We reject Rinker's assertions that its claim of liens acted as notice of non-payment. The mechanics lien law is given a strict and literal meaning. See Mursten Constr. Co. v. C.E.S. Indus., Inc., 588 So.2d 1061 (Fla. 3d DCA 1991). In Mursten, the Third District reversed a summary judgment in favor of the material supplier, holding that the supplier had failed to comply with the notice requirements of section 713.23. Id. at 1062. In doing so, the court rejected the argument that the amended complaint satisfied the notice requirements of the statute, recognizing the strict and literal meaning it was to give to the statute. Id.
Further, Rinker failed to file suit within one year from supplying the materials. Rinker completed its supply of materials in November 1999 and did not institute its suit until December 19, 2000, and it did not file an action on the bond until January 22, 2001. The fact that Rinker filed suit within a year of filing its claim of lien is irrelevant.
Although Rinker also argues that it was exempted from the time limit for bringing an action on the bond because Bridgeport failed to serve the bond, the Bridgeport attorney has sworn that Rinker was served with notice of the bond. In addition, Bridgeport attached a document labeled "Notice of Bond" which was served on February 24, 2000. This is patently an issue that would preclude summary judgment. We need not resolve any dispute as to whether evidence of the notice of bond was of record at the initial summary judgment hearing, as such was properly considered on the motion for rehearing. See Sapphire Condo. Ass'n v. Amerivend Corp., 691 So.2d 600 (Fla. 4th DCA 1997)(reversing summary judgment where counter-affidavit submitted with motion for rehearing raised significant issues of material fact); but see Willis v. L.W. Foster Sportswear *1196 Co., 352 So.2d 922, 923 (Fla. 2d DCA 1977)(requiring proof of exigent circumstances before a court can consider matters on rehearing of a summary judgment ruling).
In Sapphire, this court reversed the denial of a motion for rehearing after a summary judgment where a counter-affidavit filed with a motion for rehearing revealed material issues of fact. 691 So.2d at 600. In doing so, this court opined, "[w]hile the grant or denial of a motion for rehearing is a matter within the sound discretion of the trial court it is never an arbitrary discretion. Only after it is conclusively shown that the party against whom summary judgment has been entered cannot offer proof to support its position on the genuine and material issues in the cause should its right to trial be foreclosed." Id. at 601 (citation omitted). Here, where the counter-affidavit filed with the motion for rehearing raised material issues of fact as to Bridgeport's service of the notice of bond, the motion for rehearing should have been granted.
Additionally, even if the bond was served late, Rinker does not cite to any authority which suggests that it was exempted from the notice and timing requirements of section 713.23 simply because the bond was served late, nor was late service the basis for Rinker's summary judgment motion. It was Rinker's position that Bridgeport failed to serve the notice at all.
We note that in Mursten, neither the owner nor general contractor provided a notice of bond when first requested by the material supplier/lienor. It was not until one month after the material supplier filed suit that a notice of bond was filed. Id. at 1062. Nevertheless, the material supplier was still required to comply with the notice requirements of section 713.23. Here, where the notice of bond was filed several months before initiation of the lawsuit, Rinker was still required to comply with the statute.
We recognize that section 713.23(1)(b) provides, in relevant part, that "[a]ny person who fails or refuses to furnish a copy without justifiable cause shall be liable to the lienor demanding the copy for any damages caused by the refusal or failure." This subsection, however, does not address the lateness of service of a copy of the bond, but instead addresses the remedy of the lienor after the complete failure of the owner, contractor, or surety to furnish a copy of the bond, particularly absent a finding of prejudice. In any event, even under this provision, issues of fact remain as to whether the lateness was justified and whether there were any damages resulting therefrom.
Therefore, the summary final judgment is reversed and we remand for further proceedings.
STEVENSON and MAY, JJ., concur.