903 So.2d 306 (2005)
BRIDGEPORT, INC., and Onebeacon Insurance Company, f/k/a CGU Insurance Company, f/k/a General Accident Insurance Company of America, Appellants,
v.
TAMPA ROOFING COMPANY, Appellee.
No. 2D04-1051.
District Court of Appeal of Florida, Second District.
June 8, 2005.
*307 William L. Grant and Earnest DeLoach, Jr. of Shutts & Bowen LLP, Orlando, for Appellants.
Andrea M. Fair and Ronald C. Cotterill of Wetherington, Hamilton & Harrison, P.A., Tampa, for Appellee.
SILBERMAN, Judge.
Bridgeport, Inc. (the Contractor), and Onebeacon Insurance Company (the Surety) appeal an Order Finding Common Law Bond, an Order Granting Summary Judgment, a Summary Final Judgment, and an Amended Summary Final Judgment entered in favor of Tampa Roofing Company (the Subcontractor). We reverse, in part, because the trial court incorrectly concluded that a bond issued by the Surety constitutes a common law bond rather than a statutory bond and that the Subcontractor's claim on the bond was not time-barred. We affirm without comment the trial court's award of damages against the Contractor and in favor of the Subcontractor on its breach of subcontract claim.
The Contractor entered into a contract with Kash & Karry Food Stores, Inc. (the Owner), for construction of a grocery store. The Contractor and the Subcontractor then entered into a subcontract for roofing work. After the Contractor failed to make full payment under the subcontract, the Subcontractor filed a complaint against the Contractor for breach of the subcontract and against the Surety on the bond that had been furnished on the project.
The Contractor and the Surety raised several defenses as to the bond claim, including that the bond is a statutory payment bond under section 713.23, Florida Statutes (1999), that the Subcontractor did not comply with the notice requirements of section 713.23(1)(d), and that the Subcontractor did not bring an action on the bond within one year from the date it performed *308 its obligations under the subcontract as required by section 713.23(1)(e). Section 713.23(1)(d) provides that "a lienor is required, as a condition precedent to recovery under the bond, to serve a written notice of nonpayment to the contractor and the surety not later than 90 days after the final furnishing of labor, services, or materials by the lienor." Section 713.23(1)(e) states that an action for labor, materials, or supplies may not be instituted or prosecuted against a contractor or surety unless both a notice to contractor and notice of nonpayment have been given, and "[n]o action shall be instituted or prosecuted against the contractor or against the surety on the bond under this section after 1 year from the performance of the labor or completion of delivery of the materials and supplies."
The Subcontractor and the Surety filed competing motions for summary judgment. The Subcontractor argued that the Owner, the Contractor, and the Surety failed to comply with various requirements contained in chapter 713. Because of the alleged noncompliance, the Subcontractor asserted that the Surety's bond constituted a common law bond and that the one-year limitation on bringing an action against a statutory payment bond did not apply. The Subcontractor contended that the general five-year statute of limitations applicable to written instruments applied to common law bonds and, as a result, that its claim was not time-barred. See § 95.11(2)(b), Fla. Stat. (1999).
The Surety argued that it was entitled to entry of summary judgment because the bond was a statutory payment bond under section 713.23 and not a common law bond. It maintained that the one-year limitations period contained in section 713.23(1)(e) applied and that the claim was barred because the Subcontractor did not file suit within the one-year period.
The trial court noted that the Surety had to strictly comply with all provisions of chapter 713 to invoke the protections provided under that chapter. The court found that the Surety had not complied with chapter 713 and, therefore, that the action was a suit on a common law bond, to which a five-year statute of limitations applied. Following that determination, the trial court entered a final judgment for damages in favor of the Subcontractor. On appeal, the Surety and the Contractor argue, and we agree, that the trial court erred in ruling that the bond was a common law bond and in determining that the Subcontractor's claim was not time-barred.
First, we address whether the bond is a statutory bond or a common law bond. In Standard Heating Service, Inc. v. Guymann Construction, Inc., 459 So.2d 1103, 1105 (Fla. 2d DCA 1984), this court recognized that "[a] payment bond is a common law bond if it provides more expansive coverage than that provided for in the statute." We concluded that because the payment bond did not provide more expanded coverage than the statutory bond, it was not a common law bond. Id.; see also Nat'l Fire Ins. Co. of Hartford v. L.J. Clark Constr. Co., 579 So.2d 743, 744-45 (Fla. 4th DCA 1991) (stating that "a payment bond is a common law bond rather than a statutory bond if it provides more expansive coverage than that provided for in section 713.23" and noting that "[t]he cases indicate that the payment provisions or the class of claimants must be expanded to create a common law bond").
Here, the bond does not provide more expansive coverage than the statutory bond described in section 713.23. Instead, it contains terms that are substantially in the form required by section 713.23(3). Therefore, consistent with the analyses in Standard Heating and National Fire, we must consider the bond to be a statutory *309 bond under section 713.23 and not a common law bond.
Second, we reject the Subcontractor's arguments that (1) the bond must be treated as a common law bond because the Contractor, the Owner, and the Surety did not strictly comply with various requirements of chapter 713, and (2) it timely filed suit because a five-year statute of limitations applies to claims against common law bonds. In Bridgeport Inc. v. Rinker Materials Corp., 849 So.2d 1193 (Fla. 4th DCA 2003), Rinker, a material supplier, filed suit on a bond and alleged that although the surety furnished a payment bond, the surety did not furnish the bond to Rinker. In defense, the surety and the general contractor asserted that Rinker failed to serve a notice of nonpayment and failed to commence an action on the bond within the applicable one-year period as required by section 713.23. They also contended that Rinker was not excused from complying with section 713.23 by claiming that it was not aware of the bond. Id. at 1194-95. The trial court entered summary judgment on the bond claim in Rinker's favor.
On appeal, the Fourth District reversed because Rinker failed to comply with the notice requirement and failed to file suit within one year from supplying the materials. Id. at 1196. The court stated that "[t]he mechanics['] lien law is given a strict and literal meaning"[1] and noted that even if the bond was served late, Rinker was not exempted from the notice and timing requirements of section 713.23. Id. at 1195-96.
Mursten Construction Co. v. C.E.S. Industries, Inc., 588 So.2d 1061 (Fla. 3d DCA 1991), addresses similar issues. There, the general contractor obtained a payment bond. However, the owner did not file a notice of commencement pursuant to section 713.13, and neither the owner nor the general contractor responded to the material supplier's request that it be advised if a payment bond existed and that it be provided with a copy of the bond. Eventually, the supplier filed a claim of lien, and the claim was transferred to the bond. After the supplier filed suit, the general contractor and surety asserted that the supplier failed to comply with the statutory conditions precedent to filing suit. The trial court entered summary judgment in the supplier's favor, finding that it had complied with section 713.23. Id. at 1061-62.
On appeal, the Third District observed that it was required "to give the mechanic's lien statute a strict, and therefore literal, reading." Id. at 1063. It reversed the judgment because the supplier failed to comply with the requirements of section 713.23 by not serving a statutory notice to contractor and a notice of nonpayment to the contractor and the surety "as a condition precedent to filing suit against the general contractor and surety on the section 713.23 payment bond." Id.
The courts' reasoning in Bridgeport and Mursten is persuasive as to the issues before us. We conclude that even if the Subcontractor is correct that the Owner, the Surety, and the Contractor did not fully adhere to the requirements of chapter 713, the Subcontractor was not excused from complying with the requirements of section 713.23 that it provide notice of nonpayment before filing suit and that it file suit within one year from its completion of performance, and the bond did not convert from a statutory payment bond to a common law bond. Thus, the trial court *310 erred in entering judgment against the Surety on the bond.
Finally, the record does not demonstrate that the Subcontractor suffered prejudice as a result of the alleged failure by others to comply with chapter 713 in a manner that could arguably excuse its own obligation to comply with the requirements of section 713.23. For example, the Subcontractor did not establish that it was unable to file suit on the bond within the one-year limitations period because of any noncompliance by the Owner, Contractor, or Surety. Indeed, if the Subcontractor had been damaged by the failure or refusal of the Owner, Contractor, or Surety to furnish a copy of the bond to it, section 713.23(1)(b) provides a remedy to the Subcontractor. The statute states that "[a]ny person who fails or refuses to furnish the copy without justifiable cause shall be liable to the lienor demanding the copy for any damages caused by the refusal or failure." Id.
We have considered the other arguments made by the Subcontractor but cannot agree that it was entitled to recover against the Surety on the bond. Because the trial court incorrectly determined that the payment bond was a common law bond and that the Subcontractor timely filed suit, we reverse. Based on the record evidence before it, the trial court should have entered summary judgment in favor of the Surety. Accordingly, we reverse and remand for entry of judgment in favor of the Surety on the bond claim. We affirm the entry of judgment against the Contractor on the breach of contract claim.
Affirmed in part, reversed in part, and remanded.
DAVIS and KELLY, JJ., Concur.
NOTES
[1] The legislature renamed chapter 713, part I, which provided for Mechanics' Liens, as the "Construction Lien Law." See Ch. 90-109, § 1, at 309-10, Laws of Fla.