IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

THOMAS DEMASE AND
JOANNE DEMASE,

      Appellants,

 v.
                               Case No.     5D21-2078
                               LT Case No. 2015-CA-1361

STATE FARM FLORIDA
INSURANCE COMPANY,

      Appellee.
_____/

Opinion filed November 14, 2022

Appeal from the Circuit Court
for Hernando County,
Donald Scaglione, Judge.

George A. Vaka and Nancy A.
Lauten, of Vaka Law Group, P.L.,
Tampa, for Appellants.

Ezequiel Lugo, of Banker Lopez
Gassler, P.A., Tampa, for Appellee.


PER CURIAM.

      Thomas and Joanne Demase ("the Demases") appeal the final

summary judgment entered in favor of State Farm Florida Insurance

Company ("State Farm"). Specifically, the Demases argue the trial court erred in ruling their civil remedy notice ("CRN") was ineffective as a matter of law, contending their CRN was legally sufficient and State Farm failed to cure the alleged violations in the CRN. Because we conclude the CRN lacked the requisite level of specificity, we reject the Demases' arguments and affirm the trial court in all respects.

## BACKGROUND AND FACTS

This first-party property insurance case arises out of a sinkhole claim where the Demases filed a single count complaint against State Farm for statutory bad faith, pursuant to section 624.155, Florida Statutes. The Demases' CRN, a document required by section 624.155(3), was expressly referenced in and was attached to the complaint.[1]

The CRN was prepared on the required form and alleged that State Farm had violated fifteen statutes and twenty-two administrative regulations. In response to "specific policy language that is relevant to the violation," the CRN implicated virtually the whole policy as follows:

RELEVANT POLICY LANGUAGE

---

[1] Upon State Farm's motion to dismiss, the trial court initially dismissed the complaint on the ground that it failed to state a cause of action because it did not allege there was an underlying first-party action for insurance benefits. This court reversed in *Demase v. State Farm Florida Insurance Co.*, 239 So. 3d 218 (Fla. 5th DCA 2018).

SPECIFIC POLICY LANGUAGE THAT IS RELEVANT TO THE VIOLATIONS INCLUDE, BUT ARE NOT LIMITED TO, THE FOLLOWING:

SEE SUBJECT POLICY:

STATE FARM FLORIDA INSURANCE COMPANY POLICY NO: [redacted]

COVERAGE A–DWELLING
ALL ADDITIONAL COVERAGE PROVISIONS
ALL COVERAGE(S) PROVIDED BY ENDORSEMENT OR RIDER
THE DECLARATIONS PAGE
LOSS PAYMENT OR SETTLEMENT PROVISION
DUTIES IN THE EVENT OF LOSS POLICY PROVISION
THE INSURANCE POLICY'S DEFINITION SECTION
THE INSURANCE POLICY'S EXCLUSION OF COVERAGE PROVISIONS
ALL INSURANCE POLICY PROVISIONS THAT PROVIDE COVERAGE TO THE INSURED PROPERTY
ALL POLICY PROVISIONS.

Ultimately, State Farm moved for summary judgment arguing the Demases' CRN upon which the lawsuit was based was invalid. Specifically, State Farm argued that the CRN: (1) failed to identify the specific policy language at issue; (2) failed to identify the specific statutory provisions State Farm had allegedly violated; (3) failed to identify the person at State Farm most responsible for the alleged violation; and (4) failed to state with specificity the facts and circumstances giving rise to the alleged violation.

In response, the Demases asserted that the motion for summary judgment was legally insufficient, that State Farm could not challenge the

3

CRN's sufficiency based on waiver and estoppel, that State Farm was barred from challenging the validity of the CRN because of the Department of Financial Services' ("the Department") acceptance of the CRN, and that the CRN was legally sufficient.

The trial court granted the motion and entered final judgment for State Farm, and this appeal ensued.

## STANDARD OF REVIEW

This court reviews de novo an order on a motion for summary judgment. *United Servs. Auto. Ass'n v. Less Inst.*, 344 So. 3d 557, 559 (Fla. 3d DCA 2022).

## ANALYSIS

This appeal presents the issue of whether the Demases' CRN satisfied the requirements of section 624.155, Florida Statutes (2014), which permits civil actions against an insurer under certain circumstances, commonly known as first-party bad faith claims. Relevant to this appeal, section 624.155(3) requires, as a condition precedent to bringing a first-party bad faith case, that an insured provide timely notice of the alleged violation to the authorized insurer and to the Department, as follows:

> (b) The notice shall be on a form provided by the department and shall state with specificity the following information, and such other information as the department may require:

4

1. The statutory provision, including the specific language of the statute, which the authorized insurer allegedly violated.

2. The facts and circumstances giving rise to the violation.

3. The name of any individual involved in the violation.

4. Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

5. A statement that the notice is given in order to perfect the right to pursue the civil remedy authorized by this section.

. . . .

(d) No action shall lie if, within 60 days after filing notice, the damages are paid or the circumstances giving rise to the violation are corrected.

§ 624.155(3)(a), (b), (d), Fla. Stat. (2014). Thus, "the plain language of section 624.155(3)(b) instructs the policyholder to 'state with specificity' information in the notice; to specify 'language of the statute, which the authorized insurer allegedly violated' and to '[r]eference . . . specific policy language that is relevant to the violation, if any.'" *Julien v. United Prop. & Cas. Ins. Co.*, 311 So. 3d 875, 878 (Fla. 4th DCA 2021).

On appeal, the Demases argue that their CRN was legally sufficient because it "substantially complied" with the above legal requirements relating to CRNs. State Farm, by contrast, argues substantial compliance is

insufficient, contending that section 624.155 is subject to strict construction and requires strict compliance.

We conclude that even under the more lenient substantial compliance test, the Demases' claim fails. Our sister court analyzed a remarkably similar CRN applying a substantial compliance test in *Julien.* There, the Fourth District determined that a CRN that listed nearly all policy sections and cited thirty-five statutory provisions presented more than a technical defect and therefore did not comply with section 624.155's specificity requirements. The same reasoning applies to the Demases' CRN. As a result, the trial court correctly determined that the Demases' CRN was legally insufficient.

In addition, we reject the Demases' argument that the Department's acceptance of the CRN is entitled to great deference, thus demonstrating compliance with the specificity requirements.[2] We align ourselves with our sister court on this issue as well and disagree with the Demases. *See Julien*, 311 So. 3d at 879–80 (concluding that the Department's failure to return an insured's CRN did not establish the CRN's legal sufficiency; Department's

---

[2] We do not reach the merits of the Demases' waiver argument because their initial brief fails to challenge the specific grounds on which the trial court decided the issue, and they have therefore waived argument on that point. *See Hagood v. Wells Fargo, N.A.*, 112 So. 3d 770, 771–72 (Fla. 5th DCA 2013) (holding that issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief).

authority does not determine legality of the notice and courts have an independent obligation pursuant to Article V, section 21 of the Florida Constitution to interpret statutes).

CONCLUSION

In sum, by applying the plain language of section 624.155, we conclude the trial court properly determined the Demases' CRN was legally insufficient. As a result, we affirm the trial court's order in its entirety.

AFFIRMED.

WALLIS and EDWARDS, JJ., concur.
SASSO, J., concurs and concurs specially, with opinion.

SASSO, J., concurring specially.

I fully agree with this court's opinion affirming. However, I also write to explain why State Farm correctly argues that substantial compliance with the requirements of section 624.155 is not enough.

First, I will address a threshold issue advanced by the Demases. Specifically, they argue that section 624.155 is remedial in nature, and, as a result, its requirements should be liberally construed in favor of permitting the Demases access to the remedy contained within the statute. However, the Florida Supreme Court has taken the opposite approach to construing section 624.155. *See Talat Enters., Inc. v. Aetna Cas. & Sur. Co.*, 753 So. 2d 1278, 1281 (Fla. 2000). There, the court held[3] that because section 624.155 is in derogation of common law, it should be strictly construed. *Id.* Because we are required to follow *Talat*, we apply the statute as written and do not extend the text by implication or judicial construction. *See, e.g.*, *Lee*

---

[3] As this conclusion was actually decided as an essential step on the path to disposition, it does not appear to be dicta. *See Pedroza v. State*, 291 So. 3d 541, 547 (Fla. 2020) ("A holding consists of those propositions along the chosen decisional path or paths of reasoning that (1) are actually decided, (2) are based upon the facts of the case, and (3) lead to the judgment." (internal citations omitted)).

*v. Walgreen Drug Stores Co.*, 10 So. 2d 314, 316 (Fla. 1942). *But see* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 318 (2012) (observing that the maxim that "statutes in derogation of common law must be strictly construed" is a relic and there is no more reason to reject a fair reading of a statute that changes the common law than there is to reject a fair reading of a statute that repeals a prior statute).

a. <u>Substantial Compliance, Prejudice, and Waiver</u>

The manner in which we construe section 624.155 is important because it informs my conclusion as to the Demases' next argument: that this court should conclude the Demases "substantially complied" with section 624.155's CRN requirements, and, as a result, their CRN was legally sufficient. For the following reasons, I reject this argument as well.

Primarily, nothing in the text of section 624.155 permits "substantial compliance" to be considered in determining the legal sufficiency of a CRN. To the contrary, the statute employs the mandatory language "shall" when specifying both the form and the content of the CRN. The statute further requires that the content be stated "with specificity." § 624.155(3)(b), Fla. Stat. And if that were not clear enough, the statute then restates that a CRN must state the "specific" statutory language and the "specific" policy language relevant to the alleged violation. § 624.155(3)(b)1., (3)(b)4.

9

Despite the clarity of section 624.155's specificity requirement, the Demases urge this court to adopt a substantial compliance test employed by federal district courts, including *Pin-Pon Corp. v. Landmark American Insurance Co.*, 500 F. Supp. 3d 1336 (S.D. Fla. 2020), and *Fox v. Starr Indemnity & Liability Co.*, No. 8:16-cv-3254-T-23MAP, 2017 WL 1541294 (M.D. Fla. Apr. 28, 2017). In both cases, the district courts considered whether an insured's CRN was legally sufficient where the insured substantially complied with section 624.155's requirements. *Pin-Pon Corp.*, 500 F. Supp. 3d at 1345; *Fox*, 2017 WL 1541294, at *3. Relying on *QBE Insurance Corp. v. Chalfonte Condominium Apartment Ass'n*, 94 So. 3d 541 (Fla. 2012), both courts adopted a "substantial compliance" test, and in both cases concluded that because the insured's CRN substantially complied with section 624.155's requirements, the CRNs were sufficient. *Pin-Pon Corp.*, 500 F. Supp. 3d at 1345; *Fox*, 2017 WL 1541294, at *3.

This is problematic because the courts in *Pin-Pon* and *Fox* transplanted the substantial compliance test from substantively different soil that is inapplicable here. In *Chalfonte*, the case relied upon in *Pin-Pon* and *Fox*, the Florida Supreme Court considered whether the language and type-size requirements established by section 627.701(4)(a), Florida Statutes (2009), rendered a noncompliant hurricane deductible provision in an

10

insurance policy void and unenforceable. 94 So. 3d at 552–54. The legal principle the court considered was one of remedy. So, in analyzing the issue, the court questioned whether courts could supply a remedy for violation of a statute (i.e. declaring a policy void) where the legislature did not. Ultimately, the court deferred to legislative prerogative, finding dispositive the fact that the legislature had provided no such penalty. As a result, the court concluded noncompliance did not render the contract void. *Id.* at 554.

In analyzing the effect of failing to comply with the requirements of section 624.155, the issue also becomes one of legislative prerogative. Section 624.155 creates a statutory condition precedent to bring a cause of action. § 624.155(3)(a), Fla. Stat. And courts have found noncompliance with statutory (as opposed to contractual) conditions precedent excusable only when there are specific statutory exceptions which permit such a consideration. *See, e.g.*, *Stresscon v. Madiedo*, 581 So. 2d 158, 160 (Fla. 1991) ("The fact that no prejudice has been nor can be shown is not the determining factor in this case; nor is it significant that Stresscon substantially complied with the mechanics' lien law. The courts have permitted substantial compliance or adverse effect to be considered in determining the validity of a lien when there are specific statutory exceptions which permit their consideration."); *Lamberti v. Mesa*, 29 So. 3d 446, 450

11

(Fla. 4th DCA 2010) ("While the doctrine of futility may excuse a party from performing a condition precedent in a contract, that doctrine does not apply to excuse a statutory condition precedent. To impose a common law doctrine to eliminate a statutory condition precedent would be to rewrite the statute.").

In my view, the legislature created a clear specificity requirement in section 624.155 and did not include an exception for substantial compliance. *Cf., e.g.*, § 713.06(2)(c), Fla. Stat. ("The notice may be in substantially the following form . . . ."). So, similar to the reasoning in *Chalfonte*, because the legislature did not choose to include a substantial compliance exception, this court cannot apply one. For the same reason, I would reject the Demases' argument that their claim should proceed because State Farm was not prejudiced by any deficiencies. A prejudice exception is also a decision for the legislature. *See Stresscon*, 581 So. 2d at 160.

b. <u>Legal Sufficiency of the Demases' CRN</u>

Having provided my analytical framework, I now turn to the question of whether the Demases' CRN complied with the requirements of section 624.155. As this court's opinion explains, the Demases' CRN lists virtually every statutory and policy provision available to them as insureds. And the CRN does not refer to "specific policy language" at all, choosing to instead

12

list the headings of various policy sections with a general reference to "all policy provisions."

This "kitchen sink" approach does not satisfy the specificity requirements of section 624.155. The design of section 624.155 would crumble under the opposite conclusion. For example, the plain language of section 624.155(3)(b) demonstrates that the required information is for the purpose of providing "notice." Section 624.155(3)(d) provides that the insurer may cure after it "receives notice." For either of these provisions to have meaningful operative effect, the CRN must be, as the statute says, "specific." In other words, the substance of the CRN must be stated in a way that enables the insurer to ascertain directly from the notice both the alleged violation and the steps it must take to cure the violation. *See* Specific, *American Heritage Dictionary of the English Language* (5th ed. 2011) (explicitly set forth; definite; clear or detailed in communicating). A CRN which simply regurgitates every statutory and policy provision fails to meet this requirement. Thus, the trial court properly concluded the Demases' CRN was legally insufficient.