DOWNEY, Judge.
United Plumbing and Heating, Inc., appeals from a final judgment awarding attorney’s fees to appellee Melvin T. Goldber-ger, as Trustee, as a result of a mechanic’s lien foreclosure action.
In March 1976, United filed its amended complaint against Goldberger, as owner, and Safeco Insurance Co., as surety, to foreclose a mechanic’s lien alleging that Goldberger was indebted to it in the sum of $223,091.91 for performance of its plumbing contract in the construction of a fourteen story condominium. By its complaint, United sought the balance due on its contract, costs, and statutory attorney’s fees. By a separate count United claimed the same damages from Safeco.
Goldberger’s answer denied the debt, asserted the posting of a payment bond by Safeco pursuant to Section 713.23, Florida Statutes (1975), and alleged United should be required to pay Goldberger’s attorney’s fees pursuant to Section 713.29. In addition, Goldberger filed a counterclaim asserting entitlement to attorney’s fees pursuant to Section 713.29, Florida Statutes (1975), and the statutory sanctions authorized for wilful exaggeration of a claim for a mechanic’s lien. Furthermore, Goldber-ger alleged United retained possession of certain building materials belonging to Goldberger. United’s answer to the counterclaim and reply to the affirmative defenses generally denied the allegations thereof.
A final judgment was eventually entered wherein the trial court found in favor of United on its complaint against Safeco on the surety bond and awarded United $180,-755.20, together with interest, costs, and attorney’s fees. The judgment further dismissed Goldberger’s counterclaim. Safeco unsuccessfully sought appellate review of that judgment; however, Goldberger was not a party to the appeal.
While the Safeco appeal was pending, Goldberger filed a motion in the trial court for attorney’s fees against United “for Goldberger’s defense of the mechanics lien action filed herein on the grounds Defendant Goldberger, as Trustee for Regency Highland, was the prevailing party ... and is entitled to reasonable attorneys fees in the defense of this action.” The trial court *593 ultimately entered the judgment under review awarding Goldberger $21,000 in attorney’s fees.
United contends that entry of the judgment for Goldberger was error because the judgment that dismissed Goldber-ger’s counterclaim for attorney’s fees was res judicata on the question of Goldber-ger’s right to such a fee. We disagree. There were three claims involved in this suit: United’s claim against Safeco on the payment bond and United’s claim against Goldberger, both alleged in the complaint, and Goldberger’s claim against United alleged in the counterclaim. The prevailing party on each of those claims was entitled to attorney’s fees under Section 713.29 if those claims were properly pleaded. The dismissal of Goldberger’s counterclaim against United, which included a ruling on the count seeking an attorney’s fee against United, adjudicated Goldberger’s right to an attorney’s fee on his counterclaim; it did not adjudicate his right to an attorney’s fee for his defense against United’s claim against him.
The final judgment in favor of United and against Safeco on the claim United made against Safeco and Goldberger showed that United prevailed against Safe-co on its complaint. Although there is no express adjudication in the judgment, Gold-berger prevailed on United's complaint against him because that entire cause of action inhered in the judgment against Sa-feco, and as a matter of law United had no claim against Goldberger because Safeco had posted a payment bond pursuant to Sections 713.02(6) and 713.23, and the trial court’s findings of fact and conclusions of law so reflects. Thus, on United’s claim against him, Goldberger was the prevailing party and entitled to attorney’s fees for the defense thereof. The third claim laid in Goldberger’s counterclaim was apparently dismissed without any adjudication of entitlement to attorney’s fees.
We express no opinion on the reasonableness of the fee awarded because United has not raised that issue.
Accordingly, the judgment appealed from is affirmed.
LETTS and HERSEY, JJ., concur.