705 So.2d 616 (1998)
NORTH AMERICAN SPECIALTY INSURANCE COMPANY, a New Hampshire corporation, Appellant,
v.
HUGHES SUPPLY, INC., et al., Appellees.
Nos. 96-3636, 96-3994 and 97-0104.
District Court of Appeal of Florida, Fourth District.
January 7, 1998.
Rehearing and Clarification Denied March 4, 1998.
*617 Joseph G. Thresher of Joseph G. Thresher, P.A., Tampa, and Bruce C. King of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Miami, for appellant.
Kimberly A. Ashby of Maguire, Voorhis & Wells, P.A., Orlando, for appellee Hughes Supply, Inc.
Stuart H. Sobel and Steven M. Siegfried of Siegfried, Rivera, Lerner, De La Torre & Sobel, P.A., Coral Gables, for appellees Chapel Trail Associates, Ltd., Chapel Trail Plaza, Inc., Chapel Trail Plaza, Ltd., and Sajik Corp.
Kevin D. Wilkinson of Kevin D. Wilkinson, P.A., West Palm Beach, for appellee Acousti Engineering Company of Florida, Inc.
William G. Salim, Jr. of Moskowitz, Mandell & Salim, P.A., Fort Lauderdale, for appellee Broward Pump & Supply Co., Inc.
Roger L. Shaffer, Jr. of Shaffer & Shaffer, Boca Raton, for appellee Burkhart Services, Inc.
David S. Tupler of Davis S. Tupler, P.A., Plantation, and Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, for appellee Laser Engineering, Inc.
Nestor Bustamante of Ferencik Libanoff Brandt and Bustamante, P.A., Fort Lauderdale, for appellee Pavex Corporation.
STONE, Chief Judge.
With respect to Appellee-Laser Engineering, Inc. only, the final judgment is reversed. As to all other parties, we affirm.
The record reflects that Noland Construction, Inc., as the general contractor, obtained payment and performance bonds from North American Specialty Insurance Company for a construction project. Various subcontractors who were not paid filed actions against the owners, contractor, and surety. The owners also commenced an action. The payment bonds furnished by the surety to the contractor contained the legend specified in section 713.245, Florida Statutes, for conditional payment bonds:
This bond only covers claims of subcontractors, sub-subcontractors, suppliers, and laborers to the extent the contractor has been paid for the labor, services, or materials provided by such persons. This bond does not preclude you from serving a notice to owner or filing a claim of lien on this project.
§ 713.245(1), Fla. Stat. (1995).
The trial court correctly concluded that although the form of Appellant's bond complied with the requirements for a conditional payment bond under section 713.245 (a bond conditioning payment to a subcontractor upon payment to the contractor) the bond should, nevertheless, be treated as a payment bond under section 713.23, Florida Statutes, as to lienors having no "pay when paid" clause in their subcontract.
Appellant asserts that the bonds must be deemed conditionally restricted because they contain the above statutory legend limiting coverage to instances where an owner has paid the general contractor. This argument, however, neglects the first sentence of section 713.245(1), which reads:

*618 Notwithstanding any provisions of ss. 713.23 and 713.24 to the contrary, "if" the contractor's written contractual obligation to pay lienors is expressly conditioned upon and limited to the payments made by the owner to the contractor, the duty of the surety to pay lienors will be coextensive with the duty of the contractor to pay... (emphasis added)
Recognizing that the restriction on the duty of a surety to pay lienors under section 713.245 does not arise unless express conditional payment language is contained in the general contractor's subcontracts with the various lienors, the trial court granted a motion to determine the scope and validity of the payment bond. The trial court correctly held that the mere presence of the section 713.245 conditional payment legend on a bond does not require application of section 713.245 when the contract between the contractor and the subcontractor does not contain express conditional payment language. Here, the relevant contracts did not have this conditional payment language. Thus, the trial court appropriately found that in the absence of such conditional language, the bonds complied with section 713.23 and should be considered, construed, and applied as unconditional 713.23 bonds.
Section 713.245, Florida Statutes, was created in response to a potential problem created by the decision in OBS Co., Inc. v. Pace Construction Corp., 558 So.2d 404 (Fla.1990). That case concerned a contractor's attempt to shift the risk of the owner's nonpayment to the subcontractors, using a "pay when paid" clause in its contract. The clause was held invalid because the court found it conflicted with language of the general contract that had been incorporated into the subcontract. Since the two contracts conflicted, it caused an ambiguity such that the intent to shift the risk of nonpayment to the subcontractor was not clearly expressed. The supreme court found that in most cases "payment by the owner to the general contractor is not a condition precedent to the general contractor's duty to pay the subcontractors." Id. at 405 (quoting Peacock Constr. Co. v. Modern Air Conditioning, Inc., 353 So.2d 840 (Fla.1977)). The court reasoned that small subcontractors need to be timely paid in order to remain in business and, therefore, cannot afford to take on the risk that the owner will not pay the contractor. However, the court also recognized that nothing prevents parties from shifting this risk to subcontractors provided the contract expressly and unambiguously states such intent. Id. at 406.
The present statutory scheme recognizes that the obligations of a surety and a general contractor are coextensive. Generally, a surety's role is to be liable to the same extent as the contractor. Section 713.245 makes the sureties' liability coextensive with the contractors' in situations where the general contractor has included conditional payment language in its contracts with the subcontractors. Where a contractor does not have a valid "pay when paid" clause in its contract with the subcontractor, neither the surety nor the contractor can invoke a "pay when paid" defense, and the bond is construed as a section 713.23 bond. This result is irrespective of whether a printed legend containing conditional language appears in the bond. Patently, there is no reason to afford a surety "pay when paid" protection when the surety undertakes the payment obligations of the contractor and the contractor has no such protection. Section 713.245 itself is specifically limited, only recognizing that the duty of the surety to pay is coextensive if the contractor has a valid "pay when paid" clause. Section 713.245(2) also states that "[e]xcept as specified in this section, all bonds issued under this section must conform to the requirements of § 713.23(1)(a), (b), (f), and (4)." Thus, a bond which would have been a conditional payment bond (§ 713.245), but for the absence of a "pay when paid" clause in the contract, is a section 713.23 bond by definition.
As to the Appellee, Laser Engineering, Inc., we reverse because its failure to comply with mandatory notice requirements of section 713.23(1)(d) and (e), Florida Statutes, is not excused by its faulty interpretation of section 713.245, Florida Statutes, and its assumption that it need not comply with the section 713.23 notice requirements. Cf. Charles Redi-Mix, Inc. v. Phillips, 580 So.2d *619 166 (Fla. 4th DCA 1991); Mursten Constr. Co. v. C.E.S. Indus., Inc., 588 So.2d 1061 (Fla. 3d DCA 1991).
We remand for entry of an amended final judgment consistent with this opinion.
POLEN and SHAHOOD, JJ., concur.