COPE, J.
Pena-Alum Glass & Mirror, Inc. appeals an attorney’s fee judgment in a mechanic’s lien case. We conclude that under the circumstances presented here, the judgment should not have been entered.
Pena-Alum is a subcontractor who provided glass materials and installation on a large construction contract where MC Construction Group, Inc., was the general contractor, and Nationwide Terminals, Inc., was the owner. As required by the construction contract, MC posted a performance bond which was provided by National Union Fire Insurance Co.*
At some point the general contractor ceased performing its obligations and failed to pay the subcontractors. Pena-Alum was owed approximately $26,000 and filed a claim of lien. Thereafter, Pena-Alum brought suit against MC (“the general contractor”), and National Union (“the bond company”) for the balance owed. Pena-Alum also sued Nationwide (“the owner”) to foreclose the lien.
Eventually the bond company entered into a settlement with Pena-Alum whereby it paid the full amount of Pena-Alum’s claim plus attorney’s fees. The settlement agreement required Pena-Alum to release *463 and discharge all claims and liens it had against the owner. Pena-Alum did so, filing a satisfaction of the claim of lien, the release document, and a voluntary dismissal of its lawsuit.
The owner sought attorney’s fees against Pena-Alum under section 713.29, Florida Statutes, which provides that “[i]n any action brought to enforce a lien ... under this part, the prevailing party is entitled to recover a reasonable fee for the services of her or his attorney....” The owner reasoned that since Pena-Alum had voluntarily dismissed the lawsuit, the owner was the prevailing party and was entitled to attorney’s fees. The trial court agreed and entered a fee award for the owner. Pena-Alum has appealed.
As we view the matter, Pena-Alum is the prevailing party. Under the contract between the owner and the general contractor, the general contractor was required to post a payment bond. When the bond company settled Pena-Alum’s claim, the settlement included the requirement that Pena-Alum terminate all litigation, including the lawsuit and claim of lien against the owner. The bond company’s payment of Pena-Alum’s claim is thus properly viewed as having been made on behalf of the owner, among others.
The owner argues that where there is a voluntary dismissal of a mechanic’s lien action, it follows as a matter of law that the owner becomes the prevailing party. See Boca Airport, Inc. v. Roll-N-Roaster of Boca, Inc., 690 So.2d 640, 641 (Fla. 4th DCA 1997). However, that logic does not hold where the voluntary dismissal by the plaintiff is procured in exchange for payment on behalf of the defending party.
The owner also relies on United Plumbing and Heating. Inc. v. Goldberger, 452 So.2d 591 (Fla. 4th DCA 1984). That case is distinguishable. There the owner’s answer asserted that an unconditional payment bond had been posted under section 713.23, Florida Statutes (1995). The bond company ultimately paid the majority of the plaintiff plumbing contractor’s claim. Thereafter, the trial court awarded attorney’s fees to the owner. This was on the theory that given the existence of an unconditional payment bond under section 713.23, Florida Statutes, the plumbing contractor should have proceeded solely against the bond and not against the owner. 452 So.2d at 593.
We have no quarrel with the logic of United Plumbing, but find it inapplicable here. As we have stated, in the present case the payment by the bond company was made on behalf of the owner, among others. Where that is so, the owner is not properly viewed as being the prevailing party.
For the stated reasons, we reverse the attorney’s fee judgment and remand with directions to enter judgment in favor of Pena-Alum.
Reversed and remanded.

 The bond bore the legend required for a conditional payment bond under section 713.245, Florida Statutes (1999). Although the point was not raised or decided below, the owner argues that the conditions to make this a conditional bond may not have been satisfied. See WMS Construction, Inc. v. Palm Springs Mile Associates, Ltd., 762 So.2d 973 (Fla. 3d DCA 2000); North American Specialty Ins. Co. v. Hughes Supply, Inc., 705 So.2d 616 (Fla. 4th DCA 1998). See generally Daniel R. Vega "A Subcontractor’s and Material Supplier's Guide to Perfecting Construction Lien and Bond Rights Under Florida Law,” Fla. B.J., Oct. 2002, at 26-29; Fred R. Dudley, William A. Buzzett and Deborah Kaveney Kearney, Construction Lien Law Reform: The Equilibrium of Change, 18 Fla. St. U.L.Rev. 257, 288-294 (1991). In view of our disposition, that dispute is immaterial.