PER CURIAM.
WMS Construction Inc. (“WMS”), plaintiff below, appeals a Final Summary Judgment in favor of the defendant, North American Specialty Insurance Company (“NAS”). We affirm.
In 1995, Palm Springs Mile Associates, Ltd. (“Palm Springs”), entered into a contract with Noland Construction, Inc. (“No-land”) to build a Winn Dixie at the Palm Springs Mile Shopping Center in Hialeah. Noland, in turn, subcontracted a portion of the construction to the appellant, WMS. The appellee, NAS, issued a payment bond on behalf of Noland and in favor of Palm Springs on March 23, 1995. After having completed performance on the property on February 15, 1996, WMS, on March 15, 1996, filed a claim of lien pursuant to section 718.08, Florida Statutes (1995), for *2 an unpaid balance of $13,903.62. WMS subsequently filed suit to foreclose the lien.
On March 2, 1998, Palm Springs filed a Notice of Bond — Transfer of Lien from Real Property to Payment Bond pursuant to section 713.23(2), Florida Statutes (1997), indicating that the claim of lien filed by WMS was secured by the payment bond issued by NAS. It is undisputed that at the time Palm Springs recorded this Notice of Bond it had not paid Noland for WMS’s work. After Palm Springs recorded the Notice of Bond, WMS filed an Amended Complaint in which it asserted a claim against NAS on the bond.
The trial court subsequently entered summary judgment in favor of Palm Springs and NAS, finding that the payment bond issued to Noland by NAS in this case was an unconditional bond, issued pursuant to section 713.23, Florida Statutes, and that WMS failed to comply with the mandatory notice provision of that section. On appeal, this Court reversed the summary judgment, WMS Construction, Inc. v. Palm, Springs Mile Associates, Ltd., 762 So.2d 973, 977 (Fla. 3d DCA), review denied, 779 So.2d 272 (Fla.2000), holding that the payment bond issued by NAS was in fact a conditional payment bond pursuant to section 713.245, Florida Statutes (1997)[1], and not, as the trial court found, an unconditional bond.
Upon remand, NAS amended its answer and affirmative defenses to include defenses pursuant to section 713.245. On July 11, 2002, NAS filed an Amended Motion for Summary Judgment, and argued, among other things, that Palm Springs had not paid Noland for the work performed by WMS and therefore NAS’s conditional bond liability was not triggered. Additionally, NAS argued that where an *3 owner has paid the contractor for the subcontractor’s work, pursuant to- section 713.245, the owner has 90 days to record the Notice of Bond and Certificate of Payment and that therefore no liability could arise under the present bond because the owner, Palm Springs, did not record the Notice of Bond and Certifícate of Payment within 90 days of the lien’s recording. Nor did Palm Springs, NAS, and Noland sign the Notice of Bond to effectuate a transfer of a lien to the bond after 90 days. See § 713.245(4), Fla. Stat. (1997). Palm Springs also filed a Motion for Summary Judgment arguing that payment was made to Noland, pursuant to a settlement agreement, executed between Palm Springs and Noland in 2001. Palm Springs argued that its payment to Noland pursuant to the settlement agreement discharged the lien and transferred the lien to the bond.
After initially denying both NAS’s and Palm Springs’ Motions for Summary Judgment, the trial court granted summary judgment in favor of NAS on Count II, the statutory bond claim. The trial court found that the claim against the section 713.245 conditional payment bond was barred as a matter of law because:
A. Palm Springs’ (“Owner”) Notice of Bond was recorded more than 90 days after WMS recorded its claim of lien and ivas not signed by NAS and the general contractor, Noland Construction, Inc. (“Noland”) as required by section 713.245(4);
B. Owner never recorded the statutorily required Certificate of Payment to the Contractor for WMS’ work as required by section 713.245(4) to transfer the lien to the conditional payment bond, and;
C. Owner’s failure to comply with the requirements of section 713.245(4) is not excused by its erroneous conclusion that the bond was a section 713.23 payment bond instead of a section 713.245 conditional payment bond. See North American Specialty Ins. Co. v. Hughes Supply, Inc., 705 So.2d 616, 617 (Fla. 4th DCA1998).
6. In the case at bar, the Owner failed to record a Certificate of Payment to the Contractor pursuant to section 713.245(4). Thus, WMS’ claim of lien was never transferred to the section 713.245 conditional payment bond. See, e.g., Home Electric of Dade County, Inc. v. Gonas, 547 So.2d 109, 111 (Fla.1989) (mandating strict compliance with the construction lien law).
7. Since WMS’ lien was never transferred to the bond, Plaintiffs claim against the section 713.245 conditional payment bond is barred as a matter of law.
Prior to granting NAS’s Motion for Summary Judgment on Count II, WMS amended its complaint to add an additional claim against NAS for common law bond, Count III. NAS filed a Motion for Final Summary Judgment on WMS’s remaining claim as set forth in Count III. The trial court granted Final Summary Judgment in favor of NAS on August 25, 2003. WMS appeals from the Final Summary Judgment. Because Palm Springs failed to comply with the mandatory provisions of section 713.245, Florida Statutes (1997), and the issue of the nature of the bond has already been decided by this Court, we affirm the trial court’s granting of Final Summary Judgment.
The trial court granted summary judgment on Count II based upon the requirements of subsection 713.245(4). As explained by the trial court, it is undisputed that Palm Springs filed its Notice of Bond more than 90 days after WMS filed its Claim of Lien. Moreover, it is also undis *4 puted that at the time Palm Springs filed its Notice of Bond it had not paid Noland for WMS’s work on the project and accordingly did not record the Certificate of Payment required by that subsection of the statute. Finally, the Notice of Bond, filed beyond the 90-day time frame, was not signed by the owner, contractor, and the surety, as required by the subsection to have effect as to the lien. § 713.245(4), Fla. Stat. (1997).
Construction lien statutes must be given a strict reading. See WMS Constr., 762 So.2d at 975; Aetna Cas. & Sur. Co. v. Buck, 594 So.2d 280, 281 (Fla.1992); Mursten Constr. Co. v. C.E.S. Indus., Inc., 588 So.2d 1061, 1063 (Fla. 3d DCA 1991). Failure to comply with the statute’s requirements, in this case by the owner, precludes the lienor’s claim on the bond. See Mursten Constr., 588 So.2d at 1061; see also North Am. Speciality Ins. Co. v. Bergeron Land Dev., Inc., 745 So.2d 359 (Fla. 4th DCA 1999); North Am. Specialty Ins. Co. v. Hughes Supply, Inc., 705 So.2d 616 (Fla. 4th DCA 1998). Given the facts of this case, therefore, the trial court properly entered summary judgment on Count II.
The trial court also appropriately granted summary judgment on the common law bond claim, Count III. As this Court determined in WMS Construction, 762 So.2d at 976, the bond at issue is a conditional payment bond governed by the requirements of section 713.245. This determination is the law of the case and governs the case through all stages of the proceedings. Greene v. Massey, 384 So.2d 24 (Fla.1980); Austral Lineas Aereas Cielos Del Sur v. Gimenez, 827 So.2d 1113 (Fla. 3d DCA 2002). Therefore, the issue of the nature of the bond in this case is moot.
Accordingly, we affirm the Order granting Final Summary Judgment in favor of NAS.
Affirmed.

. That statute reads in relevant part:
713.245. Conditional payment bond
(1)Notwithstanding any provisions of ss. 713.23 and 713.24 to the contrary, if the contractor's written contractual obligation to pay lienors is expressly conditioned upon and limited to the payments made by the owner to the contractor, the duty of the surety to pay lienors will be coextensive with the duty of the contractor to pay, if the following provisions are complied with:
(a) The bond is listed in the notice of commencement for the project as a conditional payment bond and is recorded together with the notice of commencement for the project prior to commencement of the project.
(b) The words “conditional payment bond” are contained in the title of the bond at the top of the front page.
(c) The bond contains on the front page, in at least 10-point type, the statement: THIS BOND ONLY COVERS CLAIMS OF SUBCONTRACTORS, SUB-SUBCONTRACTORS, SUPPLIERS, AND LABORERS TO THE EXTENT THE CONTRACTOR HAS BEEN PAID FOR THE LABOR, SERVICES, OR MATERIALS PROVIDED BY SUCH PERSONS. THIS BOND DOES NOT PRECLUDE YOU FROM SERVING A NOTICE TO OWNER OR FILING A CLAIM OF LIEN-ON THIS PROJECT.
(2) Except as specified in this section, all bonds issued under this section must conform to the requirements of s. 713.23(l)(a), (b), (f), and (4). No action shall be instituted or prosecuted against the contractor or the surety after 1 year from the date the lien is transferred to the bond.
(3) The owner's property is not exempt from liens filed under this part. All lienors must comply with the provisions of this part to preserve and perfect those lien rights.
(4) Within 90 days after a claim of lien is recorded for labor, services, or materials for which the contractor has been paid, the owner or the contractor may record a notice of bond as specified in s. 713.23(2), together with a copy of the bond and a sworn statement in substantially the following form:
CERTIFICATE OF PAYMENT TO THE CONTRACTOR
(form omitted)
Any notice of bond recorded more than 90 days after the recording of the claim of lien shall have no force or effect as to that lien unless the owner, the contractor and the surety all sign the notice of bond.